IN THE MATTER OF JESSICA RENEA HARTSOCK

No. COA02-912

(Filed 3 June 2003)

**1. Trials— nonjury—presumption irrelevant evidence disregarded**

The trial court did not err in a juvenile delinquency proceeding arising out of the unlawful possession of marijuana by allegedly considering irrelevant evidence that the juvenile attempted to assault an officer and consistently failed drug screenings, because: (1) the trial court is presumed to disregard any incompetent evidence in a nonjury trial when there is no evidence that the judge acted on it; and (2) the juvenile failed to meet her burden of showing that the incompetent evidence was not disregarded and was prejudicial.

**2. Appeal and Error— preservation of issues—failure to make motion to dismiss at close of evidence**

Although a juvenile contends the trial court erred by finding that the juvenile knowingly possessed marijuana, this assignment of error is overruled because the juvenile never moved to dismiss the action at the close of all the evidence based on insufficiency of the evidence.

**3. Juveniles— delinquency—placement in a residential treatment facility**

The trial court erred in a juvenile delinquency hearing arising out of the unlawful possession of marijuana by improperly delegating its authority under N.C.G.S. § 7B-2506(14) to order a juvenile to cooperate with placement in a residential treatment facility where it ordered the juvenile to cooperate with placement in a residential treatment facility "if deemed necessary" by a MAJORS counselor or a juvenile court counselor.

IN RE HARTSOCK

[158 N.C. App. 287 (2003)]

**4. Juveniles— delinquency—confinement on an intermittent basis in approved detention facility**

The portion of the trial court's order in a juvenile delinquency hearing arising out of the unlawful possession of marijuana that ordered the juvenile be confined on an intermittent basis in an approved detention facility is incomplete and has no effect because the court neither delineated the timing nor delegated its authority, and the space for instructions is blank.

**5. Trials— recordation—four-tract audio equipment—meaningful review**

Although a juvenile contends the trial court erred in a juvenile delinquency proceeding arising out of the unlawful possession of marijuana by recording the juvenile proceedings on four-tract audio equipment, the assertion that the recordation was inadequate to protect the juvenile's rights is overruled because the transcript was sufficient to provide for meaningful appellate review. N.C.G.S. § 7B-2410.

Appeal by juvenile from orders entered 26 October 2001 by Judge Otis M. Oliver in Stokes County District Court. Heard in the Court of Appeals 14 April 2003.

*Attorney General Roy Cooper, by Assistant Attorney General Mary Penny Thompson, for the State.*

*Richard E. Jester, for juvenile-appellant.*

CALABRIA, Judge.

On 29 December 2000, Jessica Renea Hartsock ("Jessica" or "juvenile") was adjudicated a delinquent juvenile. Jessica was placed on probation, with conditions including cooperating with the Step-One program and not violating any laws. In August 2001, a petition was filed asserting that on 23 May 2001 she violated N.C. Gen. Stat. § 90-95(a)(3) by possessing marijuana. In September 2001, a petition was filed asserting Jessica violated the terms of her probation by not participating in the Step-One program and violating N.C. Gen. Stat. § 90-95(a)(3).

On 26 October 2001, a hearing was held on the petitions. Regarding the possession of marijuana, Judge Otis M. Oliver ("Judge Oliver") found as fact:

**IN RE HARTSOCK**

[158 N.C. App. 287 (2003)]

On May 23, 2001, the juvenile did have in her possession and control one pocketbook which she said was hers.

The court further finds that the pocketbook did contain a controlled substance, to wit: marijuana, as tested by SBI lab.

The juvenile did testify that she did not know that the pocketbook contained marijuana, and that the pocketbook belonged to her sister.

Based on these findings, the court adjudicated Jessica delinquent. Regarding the failure to comply with Step One, the court, in a separate adjudication, found the following facts:

The court finds that the juvenile is presently under an order of Probation requiring her to cooperate with recommendations of treatment or counseling.

The juvenile has not complied with recommendations of counselor, to wit: Step One.

The juvenile has failed to attend requested meetings/therapy sessions; she has tested positive on drug screenings. The failure to comply with terms and conditions are willful and without lawful excuse. The juvenile is under no disability at this time.

Based on these findings, the court adjudicated Jessica delinquent. The court, in proceeding to the dispositional phase, entered an order noting Jessica was adjudicated delinquent for the offense of simple possession, but did not reference her failure to comply with Step One. The court ordered Jessica to: (1) "cooperate with placement in a residential treatment facility [i]f deemed necessary by MAJORS counselor or Juvenile Court Counselor[;]" (2) cooperate with placement in "an intensive substance abuse program MAJORS program[;] (3) "be placed on intensive probation[;]" (4) "be placed on Electronic House Arrest[;]" (5) "be confined on an intermittent basis in an approved detention facility as follows: . . .[;] (6) "be placed on probation, under the supervision of a court counselor, for 12 months[;]" and (7) "pay restitution in the amount of $100. . . ." From the adjudication and disposition orders, juvenile appeals.

Juvenile asserts the court erred by: (I) considering irrelevant evidence; (II) adjudicating her a delinquent juvenile for possession of marijuana where all the evidence demonstrated her possession was not knowingly; and (III) delegating the court's authority to place her in a residential treatment facility to the MAJORS or juvenile court

counselor. Juvenile also asserts: (IV) the recordation requirements are insufficient to protect her rights.

I. Consideration of Inadmissible Evidence

**[1]** A juvenile is " 'entitled to have the evidence evaluated by the same standards as apply in criminal proceedings against adults.' " *In re Heil*, 145 N.C. App. 24, 28, 550 S.E.2d 815, 819 (2001) (quoting *In re Dulaney*, 74 N.C. App. 587, 588, 328 S.E.2d 904, 906 (1985).

Here, juvenile asserts the trial court erred by considering irrelevant evidence that she attempted to assault an officer and consistently failed drug screenings. Since we find juvenile has failed to demonstrate prejudicial error, we do not address whether the evidence was properly admitted.

"In a nonjury trial, if incompetent evidence is admitted and there is no showing that the judge acted on it, the trial court is presumed to have disregarded it." *In re Oghenekevebe*, 123 N.C. App. 434, 438, 473 S.E.2d 393, 397 (1996). Juvenile argues that when an objection to the evidence is made and overruled, the judge has thereby determined the evidence competent and may be presumed to have considered it. Juvenile cites no authority, and we find none.

Generally, the effect of the presumption articulated in *Oghenekevebe* is that the burden rests on the juvenile to rebut the presumption that any incompetent evidence was disregarded and demonstrate prejudice. *See State v. Moore*, 132 N.C. App. 197, 203, 511 S.E.2d 22, 26 (1999) (applying the presumption to an adult defendant). This burden applies even where the evidence was admitted over objection. *Broughton v. Broughton*, 58 N.C. App. 778, 785, 294 S.E.2d 772, 778 (1982) (noting the trial court's findings of fact are presumed to be based only upon competent evidence " 'unless the record affirmatively discloses that the finding was based, in part at least, on incompetent evidence heard over objection.' " (quoting 1 Strong's N.C. Index 3d, *Appeal and Error* § 57.2 (1976)); *Styron v. Supply Co.*, 6 N.C. App. 675, 171 S.E.2d 41 (1969) (applying the presumption despite the admission of the evidence over objections by defendant).

In the case at bar, the burden was upon juvenile to demonstrate the incompetent evidence was not disregarded and was prejudicial. Neither the trial court's findings of fact, nor the transcript reveal any indication the contested evidence was considered. Moreover, juvenile has failed to demonstrate prejudice. Accordingly, this assignment of error is overruled.

II. Sufficiency of the Evidence

[2] Juvenile asserts the trial court erred in finding she *knowingly* possessed the marijuana because "[i]n this case there is no evidence that Jessica knew that any marijuana was in her borrowed purse." In essence, the juvenile argues there is insufficient evidence regarding the element of knowledge. *See State v. Weldon*, 314 N.C. 401, 403, 333 S.E.2d 701, 702 (1985) (to prove possession of a controlled substance, the State must show defendant (1) possessed a controlled substance and (2) possessed the substance knowingly).

"[J]uveniles 'may challenge the sufficiency of the evidence by moving to dismiss the juvenile petition.' " *Heil*, 145 N.C. App. at 28, 550 S.E.2d at 819 (quoting *In re Davis*, 126 N.C. App. 64, 65-66, 483 S.E.2d 440, 441 (1997)). "However, if a defendant [or juvenile] fails to move to dismiss the action . . . at the close of all the evidence, he may not challenge on appeal the sufficiency of the evidence to prove the crime charged." N.C. R. App. 10(b)(3) (2003). Since juvenile never moved to dismiss, this assignment of error is overruled.

III. Delegation of Authority

[3] The court ordered juvenile to "cooperate with placement in a residential treatment facility *[i]f deemed necessary by MAJORS counselor or Juvenile Court Counselor.*" (Emphasis added). Juvenile asserts the court improperly delegated its authority to place her in a residential treatment facility to the MAJORS counselor or juvenile court counselor. The State asserts the court complied with the purpose of the Juvenile Code by only ordering placement in a residential treatment facility when necessary, and the court specifically tailored this treatment to the juvenile as demonstrated by the predisposition report incorporated into the order by the trial court. However, the predisposition report was not incorporated into the record on appeal. The State cites the purpose of the Juvenile Code, N.C. Gen. Stat. § 7B-100(4) as support for their argument that the court utilized its discretion properly. We disagree.

The Juvenile Code provides: "[t]he court exercising jurisdiction over a juvenile who has been adjudicated delinquent may use the following alternatives . . . (14) [o]rder the juvenile to cooperate with placement in a residential treatment facility. . . ." N.C. Gen. Stat. § 7B-2506(14) (2001). The statute specifically provides *the court* with the power and discretion to order appropriate dispositional alternatives. Unlike in *In re Bullabough*, 89 N.C. App. 171, 181, 365 S.E.2d

642, 647 (1988), wherein the Court considered former N.C. Gen. Stat. § 7A-573, which explicitly permitted delegation of the court's power by administrative order, N.C. Gen. Stat. § 7B-2506 does not state, or even indicate, that the court may delegate its discretion. The statute does not contemplate the court vesting its discretion in another person or entity, therefore, the court, and the court alone, must determine which dispositional alternatives to utilize with each delinquent juvenile. Accordingly, we hold the trial court improperly delegated its authority to "[o]rder the juvenile to cooperate with placement in a residential treatment facility." Since we find the statute controlling, we do not reach constitutional arguments raised by juvenile.

We note, however, pursuant to N.C. Gen. Stat. § 7B-2506, a judge could order certain dispositional alternatives apply upon the happening of a condition, since *the court*, and not another person or entity, would be exercising its discretion. The State asserts the court placed such limitations on its order in the case at bar, however, no such limitations appear in the order nor in any attachments, and accordingly, the State's assertion is without support.

[4] Juvenile also asserted the court improperly delegated its authority to place her in intermittent confinement, as provided by N.C. Gen. Stat. § 7B-2506 (20). The court ordered juvenile "be confined on an intermittent basis in an approved detention facility. . . ." The statute expressly requires "[t]he timing of this confinement shall be determined by the court in its discretion[,]" and the form leaves space for instruction. N.C. Gen. Stat. § 7B-2506 (20) (2001). The court neither delineated the timing nor delegated its authority, rather the space for instructions is blank. Accordingly, this portion of the order is incomplete and has no effect. We note any delegation of authority would have been contrary to the express language of our statute.

IV. Recordation of Juvenile Actions

[5] Juvenile asserts the recordation of juvenile proceedings on four-track audio equipment is inadequate to protect juvenile rights. We disagree.

Regarding recordation, our law provides:

[a]ll adjudicatory and dispositional hearings and hearings on probable cause and transfer to superior court shall be recorded by stenographic notes or by electronic or mechanical means. Records shall be reduced to a written transcript only when timely

notice of appeal has been given. The court may order that other hearings be recorded.

N.C. Gen. Stat. § 7B-2410 (2001). However, only "[w]here a trial transcript is 'entirely inaccurate and inadequate,' precluding formulation of an adequate record and thus preventing appropriate appellate review" would a new trial be required. *In re Lineberry*, 154 N.C. App. 246, 257, 572 S.E.2d 229, 237 (12-3-2002), *cert. denied*, 356 N.C. 672, —— S.E.2d —— (2003) (quoting *State v. Sanders*, 312 N.C. 318, 320, 321 S.E.2d 836, 837 (1984)). Where " 'the transcript, despite its imperfections, is not so inaccurate as to prevent meaningful review by this Court[,]' " the assertion that the recordation of juvenile court proceedings are inadequate to protect juvenile's rights is properly overruled. *Id.*, (quoting *State v. Hammonds*, 141 N.C. App. 152, 168, 541 S.E.2d 166, 178 (2000), *aff'd*, 354 N.C. 353, 554 S.E.2d 645 (2001), *cert. denied*, 536 U.S.907, 153 L. Ed. 2d 184 (2002)). We hold the transcript was sufficient to provide for meaningful appellate review.

Affirmed in part, reversed in part.

Chief Judge EAGLES and Judge HUNTER concur.