IN THE MATTER OF CHADWICK O'NEAL

No. COA02-906

(Filed 16 September 2003)

**Juveniles— probation violation hearing—assault—motion to dismiss—double jeopardy**

The trial court did not violate a juvenile's double jeopardy rights by denying his motion to dismiss the assault charge even though the juvenile had previously admitted to the same offense at the juvenile's probation violation hearing, because: (1) double jeopardy protections do not apply to probation revocation hearings when a probation violation hearing is not a criminal prosecution; (2) the imposition of a new term of probation or possibly confinement in juvenile cases is punishment for the original offense for which the juvenile was adjudicated delinquent and not for any of the offenses that form the basis of the trial court's determination that a probation violation has occurred; and (3) the juvenile was not punished twice for the same offense.

IN RE O'NEAL

[160 N.C. App. 409 (2003)]

Appeal by respondent from juvenile disposition order entered 26 March 2002 by Judge John W. Dickson in District Court, Cumberland County. Heard in the Court of Appeals 24 April 2003.

*Attorney General Roy Cooper, by Barbara A. Shaw, Assistant Attorney General, for the State.*

*Peter Wood for respondent-appellant.*

McGEE, Judge.

Chadwick O'Neal (the juvenile) was adjudicated a delinquent juvenile on 30 January 2001 for the commission of the offenses of misdemeanor assault with a deadly weapon and misdemeanor assault on a government official in violation of N.C. Gen. Stat. § 14-33(c). The juvenile was placed on probation for one year subject to conditions imposed by the trial court on 2 February 2001.

A juvenile court counselor filed a motion for review for violation of the conditions of probation by the juvenile on 20 September 2001, alleging that:

1. On or about 2-28-01, the juvenile was removed from his placement . . . .

2. On or about 2-28-01, the juvenile was removed from his placement due to him being disrespectful to authority figures and fighting with a low functioning resident.

3. Being removed from the Ft. Bragg Leadership camp for refusing to follow instructions and disruptive behavior.

4. On or about 8-29-01, the juvenile became physically aggressive with his sister.

5. On or about 8-31-01, the juvenile was placed in school detention for refusing to follow instructions in school and disrupting the class.

6. On or about 9-6-01, the juvenile did not have his study log available for the court counselor after being given prior notice on 8-31-01.

7. On or about 9-6-01, after the court counselor left school the juvenile went to class and again disrupted class by refusing to follow directions and calling the teacher names.

8. On or about 9-8-01, the juvenile became physically aggressive with his sister.

9. On or about 9-8-01, the juvenile went behind his mother's back and played his video game after he was already instructed not to.

10. On or about 9-13-01, the juvenile became physically aggressive with another juvenile and the police were called.

Following a hearing on 23 October 2001, the trial court entered an order finding that the juvenile admitted the allegations in the motion, except the allegations that he was physically aggressive with his sister. The trial court concluded as a matter of law that the juvenile willfully violated the terms of his probation and ordered that the disposition hearing be continued so that the juvenile could attend and successfully complete a training program. At the disposition hearing on 28 February 2002, the trial court entered an order placing the juvenile on a new Level II Juvenile Probation for a period of one year.

A juvenile petition for misdemeanor assault was filed against the juvenile on 19 February 2002, alleging that the juvenile committed a delinquent act of assaulting a person under the age of twelve by choking him with his hands, on 11 September 2001. The misdemeanor assault petition was heard on 26 March 2002. The juvenile moved to dismiss the charge based on double jeopardy, which was denied by the trial court. The trial court took judicial notice of the fact that the 11 September 2001 offense alleged in the petition for misdemeanor assault and the 13 September 2001 aggressive behavior with another juvenile, allegation number 10 in the motion for review for probation violation, were the same incident.

After hearing evidence, the trial court entered a juvenile adjudication order finding that the State had proven the allegations in the petition for misdemeanor simple assault beyond a reasonable doubt and finding the juvenile guilty of simple assault. In a disposition order entered the same day, the trial court ordered that the juvenile continue at his current probation Level II. The juvenile appeals from this order.

The juvenile's sole assignment of error is that the trial court erred in denying his motion to dismiss the assault charge when the juvenile had previously admitted to the same offense at the juvenile's proba-

tion violation hearing. The juvenile argues the trial court's denial of his motion to dismiss was in violation of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. The Double Jeopardy Clause

> protects against three distinct abuses: a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense.

*State v. Thompson*, 349 N.C. 483, 495, 508 S.E.2d 277, 284 (1998).

"The protection of the Double Jeopardy Clause applies to juvenile proceedings and attaches when the judge, as trier of fact, begins to hear evidence." *In re Phillips*, 128 N.C. App. 732, 734, 497 S.E.2d 292, 293, *disc. review denied*, 348 N.C. 283, 501 S.E.2d 919 (1998) (citing *Breed v. Jones*, 421 U.S. 519, 531, 44 L. Ed. 2d 346, 356-57 (1975)). However, the Supreme Court in *Breed* only extended double jeopardy protection to adjudicatory or delinquency hearings. *Breed*, 421 U.S. at 529-31, 44 L. Ed. 2d at 355-56; *see also Barker v. Estelle*, 913 F.2d 1433, 1437 (9th Cir. 1990), *cert. denied*, 500 U.S. 935, 114 L. Ed. 2d 465 (1991) (noting that as long as the risk of adjudication of the alleged offenses is not present in the juvenile hearing, jeopardy does not attach). The Supreme Court noted in *Breed*, a case dealing with double jeopardy in the transfer of a juvenile from juvenile court to be tried as an adult, that nothing in its holding prevented "States from requiring, as a prerequisite to the transfer of a juvenile, substantial evidence that he committed the offense charged, so long as the showing required is not made in an adjudicatory proceeding." *Breed*, 421 U.S. at 538 n.18, 44 L. Ed. 2d at 360 n.18.

We apply the same reasoning to probation revocation proceedings for juveniles. This Court has long held that "[a] probation violation hearing is not a criminal prosecution." *State v. Monk*, 132 N.C. App. 248, 252, 511 S.E.2d 332, 334, *appeal dismissed and disc. review denied*, 350 N.C. 845, 539 S.E.2d 1 (1999) (citing *State v. Pratt*, 21 N.C. App. 538, 204 S.E.2d 906 (1974)). In a probation violation hearing, "all that is required is that there be competent evidence reasonably sufficient to satisfy the judge in the exercise of a sound judicial discretion that the defendant had, without lawful excuse, willfully violated a valid condition of probation." *Pratt*, 21 N.C. App. 538, 540, 204 S.E.2d 906, 907 (1974). In a juvenile probation violation hearing, the trial court must only find by a preponderance of the evidence

that a juvenile has violated the conditions of his probation under N.C. Gen. Stat. § 7B-2510(e) (2001). It is well established that double jeopardy protections do not apply to probation revocation hearings. *United States v. Woods*, 127 F.3d 990, 992-93 (11th Cir. 1997); *United States v. Woodrup*, 86 F.3d 359, 363 (4th Cir.), *cert. denied*, 519 U.S. 944, 136 L. Ed. 2d 245 (1996); *Knight v. United States*, 73 F.3d 117, 123 (7th Cir. 1995), *cert. denied*, 519 U.S. 827, 136 L. Ed. 2d 46 (1996); *United States v. Whitney*, 649 F.2d 296, 298 (5th Cir. 1981).

The juvenile focuses on the punishments that he could be subject to for violation of his probation. However, as discussed in *Monk*, " '[a]lthough revocation of probation results in the deprivation of a probationer's liberty, *the sentence he may be required to serve is the punishment for the crime of which he had previously been found guilty.*' " *Monk*, 132 N.C. App. at 253, 511 S.E.2d at 335 (emphasis in original) (quoting *State v. Young*, 21 N.C. App. 316, 320, 204 S.E.2d 185, 187 (1974)). We acknowledge that in adult criminal cases a violation of probation usually results in the activation of a previously imposed sentence, while in juvenile cases a probation violation usually results in a new imposition of probation or even confinement, since there is generally no suspended term of confinement in juvenile cases imposing probation. *Compare Young*, 21 N.C. App. at 320, 204 S.E.2d at 187, *with In re Hartsock*, 158 N.C. App. 287, 580 S.E.2d 395 (2003). Even with the differences between the juvenile system and the criminal justice system, *see State v. Tucker*, 154 N.C. App. 653, 657-59, 573 S.E.2d 197, 200-01 (2002), *disc. review denied*, 356 N.C. 691, 578 S.E.2d 597 (2003), the better view is to treat a juvenile probation violation as analogous to the revocation of probation in the criminal justice system, in that this imposition of a new term of probation, or possibly confinement, in juvenile cases is punishment for the original offense for which the juvenile was adjudicated delinquent, not for any of the offenses that form the basis of the trial court's determination that a probation violation has occurred. *See Monk*, 132 N.C. App. at 253, 511 S.E.2d at 335; *Young*, 21 N.C. App. at 320, 204 S.E.2d at 187.

In the probation violation hearing in the present case, the trial court only found by a preponderance of the evidence that the juvenile had violated the conditions of his probation. This determination was not made in an adjudicatory hearing, and the extension of double jeopardy protection to juvenile adjudications as discussed in *Breed* does not apply here. Further, as discussed above the juvenile was not punished twice for the same offense. Therefore, jeopardy did not

**IN RE O'NEAL**

[160 N.C. App. 409 (2003)]

attach at the 23 October 2001 probation violation hearing so as to preclude the later hearing adjudicating the juvenile delinquent for simple assault.

Affirmed.

Judges McCULLOUGH and LEVINSON concur.