---

IN RE: M.A.B.

No. COA04-859

(Filed 3 May 2005)

**Juveniles— disposition and restitution—delegation of authority**

The trial court did not impermissibly delegate its authority when determining the dispositional alternatives for a delinquent juvenile by ordering that the juvenile pay restitution, but left the amount to be determined, and ordered participation in a residential treatment program, but left the specifics of the day-to-day program to be directed by the Juvenile Court Counselor or Mental Health Agency.

Appeal by Juvenile from order entered 23 February 2004 by Judge Mitchell L. McLean in District Court, Yadkin County. Heard in the Court of Appeals 12 April 2005.

*Attorney General Roy Cooper, by Director Victims and Citizens Services William M. Polk, for the State.*

*James N. Freeman, Jr., for juvenile-appellant.*

WYNN, Judge.

Under section 7B-2506 of the North Carolina General Statutes "the court, and the court alone, must determine which dispositional alternatives to utilize with each delinquent juvenile." *In re Hartsock,*

158 N.C. App. 287, 292, 580 S.E.2d 395, 399 (2003). In this matter, the juvenile contends that the trial court impermissibly delegated its authority by allowing others to determine the amount of restitution and the specifics of a residential treatment program. Because the trial court ordered restitution and participation in the residential treatment program, albeit without specifics, we affirm the order of the trial court.

This matter arose from an incident involving an eleven-year-old student, M.A.B., who struck another student on the head with his fist, causing swelling on the side and back of the student's head. Following M.A.B.'s admission in court to the substance of the allegations, the trial court adjudicated M.A.B. delinquent on the count of misdemeanor assault inflicting serious injury in an adjudication/disposition order dated 1 March 2004. The trial court ordered M.A.B. to: (1) pay restitution "in an amount to be determined," for the student's medical bills; (2) be placed on juvenile probation for twelve months under the supervision of a Juvenile Court Counselor; (3) be evaluated for counseling and receive a psychological evaluation and comply with their recommendations for further treatment; (4) write a letter of apology to the other student; and (5) "cooperate and partici-. pate in a residential treatment program as directed by court counselor or mental health agency." M.A.B. appealed from that order.

---

On appeal, M.A.B. argues that the trial court impermissibly delegated its authority by ordering M.A.B. to "pay restitution in an undetermined amount to be decided by the Juvenile Court Counselor" and "cooperate and participate in a residential treatment program as directed by the Court Counselor or Mental Health Agency." We disagree.

As this matter was a Level I, Community Disposition under section 7B-2508 of the North Carolina General Statutes, the trial court could consider various alternatives for punishment listed in section 7B-2506(1) through (13), and (16) of the North Carolina General Statutes. N.C. Gen. Stat. § 7B-2508(c) (2004). Section 7B-2506 provides in pertinent part:

(3) Order the juvenile to cooperate with . . . a residential or nonresidential treatment program. Participation in the programs shall not exceed 12 months.

(4) Require restitution, full or partial, up to five hundred dollars ($500.00), payable within a 12-month period to any person who

has suffered loss or damage as a result of the offense committed by the juvenile. *The court may determine the amount, terms, and conditions of the restitution. . . .*

N.C. Gen. Stat. § 7B-2506(3), (4) (2004) (emphasis added).

M.A.B. cites *In re Hartsock*, 158 N.C. App. 287, 580 S.E.2d 395, to support his argument that the trial court improperly delegated its authority. In *Hartsock*, the "court ordered juvenile to 'cooperate with placement in a residential treatment facility *[i]f deemed necessary by MAJORS counselor or Juvenile Court Counselor.*' " *Id.* at 291, 580 S.E.2d at 398. This Court held that "[t]he statute does not contemplate the court vesting its discretion in another person or entity, therefore, the court, and the court alone, must determine which dispositional alternatives to utilize with each delinquent juvenile." *Id.* at 292, 580 S.E.2d at 399. This Court went on to note that "a judge could order certain dispositional alternatives apply upon the happening of a condition, since *the court*, and not another person or entity, would be exercising its discretion." *Id.*

Here, unlike *Hartsock*, the adjudication/disposition order did not impermissibly delegate authority. Instead, the trial court in this matter ordered M.A.B. to pay restitution, but left the amount, which is subject to the statutory limitation of $500.00, to be determined until medical bills were provided to the court. Thus, the trial court did not delegate whether restitution would be paid, but only left the amount undetermined. This interpretation comports with the statute which only provides that the "court *may* determine the amount . . . of the restitution." N.C. Gen. Stat. § 7B-2506(4) (emphasis added). The statute does not make it mandatory for the trial court to determine the amount of restitution.

Moreover, the trial court's order for participation in a residential treatment program differs from the order in *Hartsock*. In *Hartsock*, the decision of whether the juvenile would be placed in a residential treatment facility was left to the determination of the MAJORS or Juvenile Court Counselor. 158 N.C. App. at 291, 580 S.E.2d at 398. Here, the trial court ordered M.A.B. to "cooperate and participate in a residential treatment program *as directed* by court counselor or mental health agency." (emphasis added). The determination of whether M.A.B. would participate in a residential treatment program was made by the trial court, but the specifics of the day-to-day program were to be directed by the Juvenile Court Counselor or Mental

**IN RE M.A.B.**

[170 N.C. App. 192 (2005)]

Health Agency. Thus, the trial court, and not another person or entity, exercised its discretion. *Id.* at 292, 580 S.E.2d at 399.

As the trial court did not impermissibly delegate its authority, we affirm the decision of the trial court.

Affirmed.

Judges TYSON and ELMORE concur.