652 S.E.2d 726 (2007)
In the Matter of V.A.L., A Minor Child.
No. COA07-242.
Court of Appeals of North Carolina.
November 20, 2007.
Attorney General Roy Cooper, by Special Deputy Attorney General Elizabeth Leonard McKay, for the State.
James N. Freeman, Jr., Elkin, for juvenile-appellant.
BRYANT, Judge.
V.A.L.[1] (the juvenile) appeals from an order continuing the juvenile's probation and ordering the juvenile to cooperate with an out of home placement. For the reasons stated herein, we affirm the order of the trial court.

Facts and Procedural History
On 4 April 2006, the juvenile was adjudicated a delinquent juvenile by the trial court, put on probation and ordered to participate in Project Challenge, which consisted of sixty-five *727 hours of community service. In July of 2006, the juvenile failed to show up to perform community service as directed by Project Challenge and the Juvenile Court Counselor filed a Motion for Review for a probation violation on 28 July 2006.
This matter came on for hearing before the Honorable Edgar B. Gregory, Judge presiding, at the 12 September 2006 session of Alleghany County Juvenile Court. During this hearing, the juvenile admitted to the trial court that the allegations asserted in the Motion for Review were true. The trial court subsequently entered an order on 26 September 2006, continuing the juvenile's probation with the new condition that the juvenile cooperate with an out of home placement and be placed in detention until this placement is available. The juvenile appeals.
The sole issue the juvenile raises on appeal is whether the trial court erred in ordering the juvenile to participate in an out of home placement without designating the out of home placement because this is an impermissible delegation of authority. We disagree.
If the trial court finds by the greater weight of the evidence that the juvenile has violated the conditions of probation then the trial court "may continue the original conditions of probation, modify the conditions of probation, or, . . . order a new disposition at the next higher level on the disposition chart. . . ." N.C. Gen.Stat. § 7B-2510(e) (2005). However, a trial court may not delegate its authority to impose these dispositional alternatives to another person or entity. In re Hartsock, 158 N.C.App. 287, 292, 580 S.E.2d 395, 399 (2003) (holding "the court, and the court alone, must determine which dispositional alternatives to utilize with each delinquent juvenile").
In Hartsock, this Court held it was an impermissible delegation of authority for the trial court to order a delinquent juvenile to "cooperate with placement in a residential treatment facility if deemed necessary by MAJORS counselor or Juvenile Court Counselor." Id. at 289, 580 S.E.2d at 397 (emphasis added). Similarly, we have held that a new condition of probation ordering the juvenile to "cooperate with any out of home placement if deemed necessary, or if arranged by the Court Counselor, including, but not limited to, a wilderness program" is an impermissible delegation of authority. In re S.R.S., 180 N.C.App. 151, 157, 636 S.E.2d 277, 283 (2006) (emphasis added). However, this Court has held that an order where a juvenile was to "cooperate and participate in a residential treatment program as directed by court counselor or mental health agency" was not an improper delegation of the trial court's authority, as "[t]he determination of whether M.A.B. would participate in a residential treatment program was made by the trial court, but the specifics of the day-to-day program were to be directed by the Juvenile Court Counselor or Mental Health Agency." In re M.A.B., 170 N.C.App. 192, 194-95, 611 S.E.2d 886, 888 (2005). In Hartsock and S.R.S., the trial court improperly delegated its authority when it left the determination of whether an out of home placement was necessary up to a third party. In M.A.B., the trial court itself decided it was necessary for the juvenile to participate in an out of home placement, but left the details of that placement up to a third party.
Here, the trial court ordered the juvenile to continue on probation with the new condition that the juvenile "shall cooperate with an out of home placement and be placed in detention until this said placement is available." Further, the Juvenile Conditions form entered 13 September 2006 indicates the trial court ordered the juvenile to cooperate with placement for nine months in a residential treatment program "as directed by New River Behavioral Health Care[,]" and indicated the placement should be at "Timber Ridge[.]" The trial court did not leave the determination of whether the out of home placement was necessary to another. Rather, the trial court ordered the juvenile to cooperate with an out of home placement and placed the juvenile in detention until said placement became available. Thus, while the trial court may have left the specific details of the out of home placement with New River Behavioral Health Care, the trial court did not delegate its authority as to which dispositional alternatives were imposed in the new *728 juvenile order. This assignment of error is overruled.
Affirmed.
Judges STEELMAN and GEER concur.
NOTES
[1] Initials are used to protect the identity of the juvenile.