IN THE MATTER OF: M.B.
No. COA08-768
Court of Appeals of North Carolina.
Filed April 7, 2009
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Amy L. Funderburk, for the State.
James N. Freeman, Jr., for juvenile-appellant.
CALABRIA, Judge.
M.B. ("juvenile") appeals a level two dispositional order requiring forty days detention on a probation violation, contending the trial court's findings were inadequate to support a level two disposition, and the trial court's disposition exceeded the statutory maximum. We affirm in part, reverse in part, and remand for resentencing.
On 11 December 2007, the juvenile was adjudicated delinquent after admitting to charges of misdemeanor breaking and entering, and resisting, delaying, and obstructing an officer. As a result of the arrangement between the prosecutor and the juvenile's attorney, the felony breaking or entering charge was dismissed. The juvenile was placed on probation. Several terms and conditions were imposed including an intermittent confinement of five days detention that was suspended.
On 31 January 2008, the juvenile appeared for a probation violation hearing before the trial court. At that time, the juvenile's disposition was modified and elevated to a level two. The court found the criteria for a level two disposition had been met and included secure custody. The juvenile was continued on probation; however, his time in detention was increased to nineteen days in detention with twelve days suspended.
Subsequently, a petition was filed alleging the juvenile had been suspended from school, a violation of his probation. On 25 March 2008, the juvenile appeared for a hearing on an Order for Motion for Review regarding the allegations that he violated his probation. At the 25 March 2008 hearing, the juvenile's court counselor stated the juvenile was unwilling to cooperate with the terms of his probation and that he had been unable to establish a relationship with the juvenile. The juvenile's mother stated the juvenile had been suspended from school on three occasions, had been fighting, had been associating with gang members, had been using illegal drugs, had been disregarding his curfew, and had been involved in the discharge of a firearm that resulted in damage to a neighboring home, and a vehicle. The juvenile's mother asked the court to place the juvenile outside the home. The trial court proceeded with the disposition following testimony and an admission from the juvenile as well as testimony from individuals involved in the juvenile's rehabilitation. The juvenile was continued on probation, however his days for detention were increased to forty days with fifteen days suspended. In an order dated 25 March 2008, however, the trial court ordered the juvenile to serve twenty-five days in detention with fifteen days suspended, leaving only ten days of active detention. The trial court, at the request of the juvenile's attorney, filed an amended order 1 April 2008, to correct the original order. This order reflected the intended disposition of forty days in detention with fifteen days suspended, leaving twenty-five days of active detention. The juvenile served twenty-four days of active detention.
As an initial matter, the juvenile filed notice of appeal from an Order for Motion for Review Hearing that was entered on 25 March 2008 with a detention period of 25 days with 15 days suspended. This disposition does not exceed the statutory maximum. However, the 25 March 2008 order was later amended and filed on 1 April 2008. The amended version dated 1 April 2008, with a detention period of 40 days with 15 days suspended, should have been designated as the disposition that allegedly exceeds the statutory maximum. Juvenile failed to file a notice of appeal from the 1 April 2008 amended order. The state argues the issues regarding the term of confinement are not properly before this Court because the juvenile failed to file a notice of appeal from the correct order. We disagree.
Proper notice of appeal requires that a party shall designate the judgment or order from which appeal is taken. Without proper notice of appeal, this Court acquires no jurisdiction. A court may not waive the jurisdictional requirements of [appellate] Rules . . ., even for good cause shown under Rule 2, if it finds that they have not been met.
Von Ramm v. Von Ramm, 99 N.C. App. 153, 156, 392 S.E.2d 422, 424 (1990) (internal citations and quotations omitted). However, "a mistake in designating the judgment . . . appealed from . . . should not result in loss of the appeal as long as the intent to appeal from a specific judgment can be fairly inferred from the notice and the appellee is not misled by the mistake." Smith v. Independent Life Ins. Co., 43 N.C. App. 269, 274, 258 S.E.2d 864, 867 (1979) (superceded by statute on other grounds).
In the present case, while the juvenile's notice of appeal referred to the original order, the correct order that should have been referenced in the notice of appeal is the 1 April 2008 order, which is the amended version of the 25 March 2008 order. The specific judgment on which the juvenile seeks review can be fairly inferred and the appellee does not contend they were misled by the mistake.
The juvenile argues that the trial court failed to enter adequate findings of fact and conclusions of law sufficient to support its decision to enter a level two disposition. Specifically, the juvenile contends that the court failed to make findings showing it considered the factors under N.C. Gen. Stat. § 7B-2501(c).
The trial court has discretion under N.C. Gen. Stat. § 7B-2506 in determining the proper disposition for a delinquent juvenile. See In re Hartsock, 158 N.C. App. 287, 292, 580 S.E.2d 395, 398-99 (2003). The trial court, however, must select a disposition that is designed to protect the public and to meet the needs and best interests of the juvenile, based upon:
(1) The seriousness of the offense;
(2) The need to hold the juvenile accountable;
(3) The importance of protecting the public safety;
(4) The degree of culpability indicated by the circumstances of the particular case; and
(5) The rehabilitative and treatment needs of the juvenile indicated by a risk and needs assessment.
N.C. Gen. Stat. § 7B-2501(c) (2007).
The juvenile argues that these statutory provisions require the trial court to make specific findings of fact regarding each of the enumerated considerations found in N.C. Gen. Stat. § 7B-2501(c). We disagree.
N.C. Gen. Stat. § 7B-2512 requires the trial court to make appropriate findings of fact and conclusions of law in a dispositional order. A written finding of fact is not required for every consideration listed in N.C. Gen. Stat. § 7B-2501(c). N.C. Gen. Stat. § 7B-2501(c) only requires that the trial court consider each of the enumerated factors listed when selecting a disposition that meets the needs of the juvenile while at the same time protecting the public.
The trial court found as fact that the juvenile admitted the allegations against him, and as a result of his admission, the trial court found by the greater weight of the evidence that the juvenile violated his probation, in satisfaction of N.C. Gen. Stat. § 7B-2512. While not memorialized in the written order, the transcript clearly shows that the trial court considered the factors enumerated in 7B-2501 prior to determining the juvenile's disposition. The trial court addressed the juvenile, discussed the risks inherent in his current behavior, the seriousness of his wrongdoing, and the juvenile's need for rehabilitation. In addition, the trial court asked the juvenile if he felt an individual must face consequences for his actions. The trial court heard evidence regarding treatment and rehabilitation attempts, concerns regarding the safety of the community, the juvenile, and the juvenile's family, as well as concerns regarding the sincerity of the juvenile's requests for treatment. By addressing the juvenile, engaging in conversation with the juvenile, and considering the evidence presented by the family and others, we believe the trial court considered all of the factors in N.C. Gen. Stat. § 7B-2501(c).
The juvenile further argues that the trial court had no statutory authority to order the juvenile to serve forty days in detention. We agree.
The trial court achieved the forty day confinement period by adding the twelve days that were suspended in the 31 January order to twice the term authorized under N.C. Gen. Stat. § 7B-2506(20) or in the present case, twenty-eight days. N.C. Gen. Stat. § 7B-2510(e) (2007). Although the trial court is given wide discretion in choosing the dispositional alternative to impose under N.C. Gen. Stat. § 7B-2506(13)-(23) in a Level 2 disposition, the trial court may not order a disposition that exceeds the number of days authorized by statute. N.C. Gen. Stat. § 2506(20) permits a trial court to confine a juvenile in a detention facility for not more than fourteen days. N.C. Gen. Stat. § 7B-2510(e) allows the court to double that term under specific conditions.
If the court, after notice and a hearing, finds by the greater weight of the evidence that the juvenile has violated the conditions of probation set by the court, the court may continue the original conditions of probation, modify the conditions of probation, or except as provided in subsection (f) of this section, order a new disposition at the next higher level on the disposition chart in G.S. 7B-2508. In the court's discretion, part of the new disposition may include an order of confinement in a secure juvenile detention facility for up to twice the term authorized by G.S. 7B-2508.

(Emphasis added). The statute makes clear that the trial court may continue the original conditions of probation, modify the original conditions of probation, or order a new disposition. It may only do one of these three things, and may not order a new disposition per the emphasized portion of the statute, while at the same time activating the original conditions of probation, as the trial court did here.
Reading N.C. Gen. Stat. § 7B-2510(e) in para materia with N.C. Gen. Stat. §§ 7B-2506 and -2508, we hold the trial court can impose no more than twenty-eight days confinement in an approved juvenile detention facility for a Level 2 disposition. See Lutz v. Board of Education, 282 N.C. 208, 219, 192 S.E.2d 463, 471 (1972) ("Statutes dealing with the same subject matter must be construed in para materia, and harmonized, if possible, to give affect to each. When the language of a statute is clear and unambiguous, the court must give it its plain and definite meaning." (Citations omitted)). Neither the Juvenile Code nor case law authorizes a trial court to stack periods of detention imposed under N.C. Gen. Stat. § 7B-2506(20) in prior judgments onto subsequent periods of detention to exceed the maximum periods allowed under N.C. Gen. Stat. § 7B-2506 and -2510(e). Because the trial court ordered an impermissible disposition for a Level 2 offender, the trial court's order is reversed and remanded for resentencing.
Affirmed in part, reversed in part, remanded for resentencing.
Judges STEELMAN and STROUD concur.
Report per Rule 30(e).