An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1438

NORTH CAROLINA COURT OF APPEALS

Filed: 19 August 2014

IN THE MATTER OF:                    Wake County
                                     No. 09 JB 532
C.D.P.


Appeal by juvenile C.D.P. from a disposition and commitment order entered 27 June 2013 by Judge Jennifer Knox in Wake County District Court.  Heard in the Court of Appeals 5 June 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General Lareena J. Phillips, for the State.*

> *Gerding Blass, PLLC, by Danielle Blass, for Defendant-Appellant.*


HUNTER, JR., ROBERT N., Judge.


Appellant C.D.P. ("Charlie")[1] appeals from a Wake County District Court disposition and commitment order entered 27 June 2013.  Charlie argues (1) that the district court violated N.C. Gen. Stat. § 7B-2512 (2013) by failing to make sufficient written findings of fact in its disposition order to support its

---

[1] "Charlie" is a pseudonym used to protect the identity of the juvenile pursuant to N.C. R. App. P. 3.1(b).

conclusion that Charlie violated his probation; (2) that the district court failed to consider the proper statutory factors when deciding to commit Charlie to a youth development center; and (3) that the district court abused its discretion when it ordered Charlie be committed based on the fact that his guardian and parents were unable to provide him with a stable living environment. After review, we reverse the district court's decision and remand for the district court to make additional findings of fact.

## I. Facts and Procedural History

On 20 August 2009, Detective S.B. Snowden filed two juvenile petitions alleging that Charlie had committed felony larceny and felony breaking and entering a motor vehicle. The court dismissed the breaking and entering petition and reduced the larceny charge to a misdemeanor. Charlie admitted to misdemeanor larceny and on 19 November 2009 the court adjudicated him delinquent with a level 1 disposition. After Charlie had complied with the community service order by completing sixty hours of community service, the district court dismissed the larceny disposition.

On 2 June 2010, Detective R.K. Johnson filed a petition alleging that Charlie had committed injury to real property.

The State later amended the petition to allege the commission of misdemeanor second-degree trespass. On 29 July 2010, Charlie admitted to having committed misdemeanor second-degree trespass and the court ordered a level 1 disposition, placing Charlie on probation for up to six months.

On 24 May 2012, Charlie's biological mother filed a petition alleging that Charlie was undisciplined. Between 13 June 2012 and 21 June 2012, six petitions were filed alleging that Charlie had committed common law robbery, injury to personal property, possession of stolen property, and three counts of felony breaking and entering a motor vehicle. The court dismissed the delinquency petition, the misdemeanor possession of stolen property petition and two counts of felony breaking and entering a motor vehicle. The court also reduced the common law robbery charge to misdemeanor larceny. On 1 August 2012, Charlie admitted to felony breaking and entering a motor vehicle, misdemeanor larceny, and injury to personal property. The court adjudicated him delinquent and sentenced Charlie to a level 2 disposition, placing him on 12 months of probation.

Between 6 September 2012 and 18 October 2012, three separate petitions were filed against Charlie alleging

misdemeanor larceny and possession of stolen goods. On 24 October 2012, after the court dismissed two of the petitions, Charlie admitted to having committed one count of misdemeanor larceny and misdemeanor possession of stolen goods. The court ordered Charlie to continue to abide by the terms of his probation in accordance with his level 2 disposition and to cooperate with electronic monitoring.

On 30 October 2012 a petition was filed alleging misdemeanor larceny. On 5 December 2012, Charlie admitted to the offense, the court adjudicated him delinquent, and ordered a level 2 disposition ordering him to comply with the previously imposed terms of probation and with the Eckerd Residential Treatment Program. Charlie started the Eckerd Short Term Residential Program on 10 December 2012 and completed the program 29 March 2013.

On 22 April 2013, a few weeks after Charlie's release from the Eckerd Program, a petition was filed alleging felony breaking and entering and felony larceny. On 20 May 2013, Juvenile Court Counselor Randall Siedliski ("Counselor Siedliski") filed a Motion for Review of Charlie's probation alleging that Charlie had violated his probation by failing to

attend the SCORE program and by failing to comply with his electronic monitoring leave time requirements.

On 13 June 2013, Charlie's probation review motion came before the Wake County District Court, with Judge Jennifer Knox presiding. Pursuant to a plea agreement, Charlie admitted to the alleged probation violations and the State dismissed the pending 22 April 2013 petition alleging felony breaking and entering and felony larceny. Counselor Siedliski submitted a predisposition report, a risk assessment, and a needs assessment to the court. The court considered Counselor Siedliski's report, incorporating the report and assessments by reference in the disposition order.

In the section of the court's disposition order labeled "Other," the court made the following findings:

> [Charlie] has 8 points. His mother is a substance abuser who drifts in and out of his life, giving him no stability. His grandmother, with whom he currently lives, cannot provide the stability and supervision that he needs to thrive and succeed. [Charlie] needs a long-term out-of-home placement that can provide him with structure and stability that he has never had. It is better for [Charlie] to be committed to a Youth Development Center, with a strong recommendation for a community commitment, like a foster home or other group home, so that he can receive immediate services in a stable environment. He recently returned from Eckerd Camp, and

immediately had probation violations, even while on Electronic Monitoring. He will not succeed if he stays in the community.

In Counselor Siedliski's predisposition report, referenced in the court's order, Counselor Siedliski recommended that Charlie receive a level 3 disposition and

> that [Charlie] be Committed to a Youth Development Center with consideration for Community Commitment. [Charlie] has an extensive delinquent history including felony adjudications. The alleged pending felonies would have been committed less than two weeks after being discharged from Eckerd Candor. In the interest of public safety, a Commitment is warranted to best address the needs of [Charlie] while safeguarding society.

After the hearing, the district court authorized a level 3 disposition for Charlie in accordance with N.C. Gen. Stat. § 7B-2508 (2013). The court committed Charlie to a youth development center indefinitely. Charlie appeals.

## II. Jurisdiction and Standard of Review

The district court's disposition order was signed on 13 June 2013. The file stamp on the disposition order shows that it was entered on 27 June 2013. Charlie gave written notice of appeal on 25 June 2013, two days before the disposition order was filed. Pursuant to Rule 4 of the North Carolina Rules of Appellate Procedure,

> [a]ny party entitled by law to appeal from a judgment or order of a superior or district court rendered in a criminal action may take appeal by (1) giving oral notice of appeal at trial, or (2) filing notice of appeal with the clerk of superior court and serving copies thereof upon all adverse parties within fourteen days *after* entry of the judgment or order.

N.C. R. App. P. 4(a)(2) (emphasis added). Here, because Defendant filed written notice of appeal two days *before* the entry of the disposition order, Defendant filed a petition for writ of certiorari to this Court on 29 January 2014 seeking our review notwithstanding his failure to comply with N.C. R. App. P. 4. Generally, a timely appeal to this Court from a final order in a juvenile manner is as of right pursuant to N.C. Gen. Stat. § 7B-2602 (2013). In light of the foregoing and the circumstances presented in this case, we, in our discretion, grant the petition.

Charlie contends the district court failed to make sufficient written findings of fact in accordance with N.C. Gen. Stat. § 7B-2512 to support its conclusion that Charlie had violated the conditions of his probation. He also argues the district court erred by committing Charlie to a youth development center because the court failed to make sufficient

findings of fact to establish that a level 3 disposition was warranted.

"Conclusions of law drawn by the trial court from its findings of fact are reviewable *de novo* on appeal." *Carolina Power & Light Co. v. City of Asheville*, 358 N.C. 512, 517, 597 S.E.2d 717, 721 (2004). "Under a *de novo* review, the court considers the matter anew and freely substitutes its own judgment for that of the lower tribunal." *State v. Williams*, 362 N.C. 628, 632–33, 669 S.E.2d 290, 294 (2008) (quotation marks and citation omitted).

Charlie also argues the district court abused its discretion by ordering Charlie be committed to a youth development center on the grounds that Charlie's parents and grandmother were not able to provide him with a stable living environment. "Abuse of discretion results where the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *State v. Hennis*, 323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988).

### III. Analysis

### A. Findings of Fact Regarding Probation Violation

Charlie contends the district court failed to make sufficient written findings of fact in accordance with N.C. Gen.

Stat. § 7B-2512 to support its conclusion that Charlie had violated the conditions of his probation. We agree.

This Court has "previously held that juvenile probation revocation proceedings are dispositional, and subject to the statutory provisions governing juvenile delinquency dispositions." *In re V.M.*, 211 N.C. App. 389, 391, 712 S.E.2d 213, 215 (2011). In addition, the State has an increased burden in juvenile proceedings to ensure that a juvenile's rights are protected. *See In re Meyers*, 25 N.C. App. 555, 558, 214 S.E.2d 268, 270 (1975). Thus, a court's adherence to the statutory requirements remains paramount in juvenile dispositions and probation revocation hearings.

"If the trial court finds by the greater weight of the evidence that the juvenile has violated the conditions of probation then the trial court 'may continue the original conditions of probation, modify the conditions of probation, or, . . . order a new disposition at the next higher level on the disposition chart . . . .'" *In re V.A.L.*, 187 N.C. App. 302, 303, 652 S.E.2d 726, 727 (2007) (quoting N.C. Gen. Stat. § 7B-2510(e) (2005)). "[T]he trial court must only find by a preponderance of the evidence that a juvenile has violated the conditions of his probation under N.C. Gen. Stat. § 7B-2510(e)

(2001)." *In re O'Neal*, 160 N.C. App. 409, 412-13, 585 S.E.2d 478, 481 (2003). Once the dispositional hearing concludes and the juvenile has been adjudicated, "[t]he dispositional order shall be in writing and *shall contain appropriate findings of fact* and conclusions of law [and] [t]he court *shall state with particularity*, both orally and in the written order of disposition, the precise terms of the disposition . . . ." N.C. Gen. Stat. § 7B-2512 (emphasis added).

The district court's disposition order does not state with particularity any written findings of fact to support the conclusion that Charlie had violated the conditions of his probation. The order simply states, "[Charlie] was previously given a Level 2 disposition and was placed on probation, [and] violated the terms of probation set by the court on 08/01/12." During his hearing, Charlie admitted to the alleged violations of the conditions of his probation in exchange for the dismissal of the felony breaking and entering and felony larceny charges alleged in the 22 April 2013 petition. However, Charlie's admission is not mentioned in the court's disposition order.

The disposition order certifies that the district court received, reviewed, and incorporated by reference Counselor

Siedliski's predisposition report, risk assessment, and needs assessment.  The incorporated report states

> The Division of Juvenile Justice is recommending that [Charlie] be Committed to a Youth Development Center with consideration for Community Commitment. [Charlie] has an extensive delinquent history including felony adjudications.  The alleged pending felonies would have been committed less than two weeks after being discharged from Eckerd Candor.  In the interest of public safety, a Commitment is warranted to best address the needs of [Charlie] while safeguarding society.

This narrative is not a sufficient finding of fact supporting Charlie's probation revocation.  It makes no mention as to how Charlie violated his probation or why the court determined that he did so.  The report also states that Charlie was in court for "a VOP for failing to attend the SCORE program as well as not complying with electronic monitoring."  While Charlie admitted to these alleged probation violations, his admission is not included in the disposition order or the predisposition report.

Because Charlie's admission is not included in the disposition order or the incorporated predisposition report and because the court did not make any other findings pertaining to Charlie's probation revocation, the court failed to make sufficient findings of fact in accordance with N.C. Gen. Stat.

§ 7B-2512. Accordingly, we reverse and remand this case to the court to make additional findings of fact.

## B. Findings of Fact Addressing a Level 3 Disposition

Charlie also argues the district court erred by committing him to a youth development center because the court failed to make sufficient findings of fact to show that a level 3 disposition was warranted. We agree.

When a district court properly finds that a juvenile violated the terms of probation, "the court may continue the original conditions of probation, modify the conditions of probation, or . . . order a new disposition at the next higher level on the disposition chart." N.C. Gen. Stat. § 7B-2510(e). Pursuant to N.C. Gen. Stat. § 7B-2501(c) (2013), a trial court

> shall select a disposition that is designed to protect the public and to meet the needs and best interests of the juvenile, based upon: (1) The seriousness of the offense; (2) The need to hold the juvenile accountable; (3) The importance of protecting the public safety; (4) The degree of culpability indicated by the circumstances of the particular case; and (5) The rehabilitative and treatment needs of the juvenile indicated by a risk and needs assessment.

Juvenile probation revocation hearings "may be informal and the court may consider written reports or other evidence

concerning the needs of the juvenile." N.C. Gen. Stat. § 7B-2501(a) (2013). A court may consider hearsay evidence and reports that are "relevant, reliable, and necessary to determine the needs of the juvenile and the most appropriate disposition . . . ." *Id.* "[T]he trial court is required to make findings demonstrating that it considered the N.C.G.S. § 7B-2501(c) factors in a dispositional order entered in a juvenile delinquency matter." In re *V.M.*, 211 N.C. App. at 391–92, 712 S.E.2d at 215 (2011); *see also In re Ferrell*, 162 N.C. App. 175, 177, 589 S.E.2d 894, 895 (2004).

In *In re V.M.*, this Court reversed and remanded a juvenile's disposition because the district court's level 3 disposition and commitment order did not contain sufficient findings of fact to permit a determination that the district court had properly considered the factors set out in N.C. Gen. Stat. § 7B-2501(c). *In re V.M.*, 211 N.C. App. at 392, 712 S.E.2d at 215. The district court's disposition and commitment order stated that the juvenile had previously received a Level 2 disposition, was placed on probation, and had violated the conditions of his probation. *Id.* In addition, the order certified that the district court had received, considered, and incorporated by reference the predisposition report, risk

assessment, and needs assessment. *Id.* The "Other Findings" section of the disposition order did not contain "any additional findings of fact [that] demonstrate[d] that it considered" the five factors in N.C. Gen. Stat. § 7B-2501(c). *Id.* at 392, 712 S.E.2d at 216. This Court held that there were insufficient findings to determine whether the district court had properly considered all the required factors and reversed and remanded the case to the district court for a new disposition hearing. *Id.*

In *In re K.C.*, ___ N.C. App. ___, 742 S.E.2d 239 (2013), this Court remanded the case to the district court due to the district court's violation of N.C. Gen. Stat. § 7B-2501 by failing to make sufficient findings of fact in its disposition order. *Id.* at ___, 742 S.E.2d at 246. The juvenile argued that the district court had failed to make its disposition in accordance with N.C. Gen. Stat. § 7B-2501 because it did not address certain factors specified in the statute. *Id. at* ___, 742 S.E.2d at 245-46. The juvenile was adjudicated delinquent for simple assault and sexual battery. *Id.* at ___, 742 S.E.2d at 241. The district court classified the juvenile's assault as "minor" and told the juvenile at the hearing that he needed to understand the consequences of victimizing people. *Id.* at ___,

742 S.E.2d at 246. This Court assumed that the categorization and oral statement satisfied the first two factors of N.C. Gen. Stat. § 7B-2501, but there was nothing in the record that addressed the remaining three factors. *Id.* Accordingly, we held that the court failed to make sufficient findings of fact regarding the required statutory factors and remanded the case to the district court to make additional findings of fact on disposition. *Id.*

Similar to *In re V.M.*, Charlie's disposition order states that he "was previously given a Level 2 disposition and was placed on probation, [and] violated the terms of probation set by the court . . . ." *see In re V.M.*, 211 N.C. App. at 392, 712 S.E.2d at 215. The order also states that the court incorporated by reference Counselor Siedliski's predisposition report, risk assessment, and needs assessment and that Charlie "has been adjudicated for a violent or serious offense and Level III is authorized by G.S. 7B-2508." Pursuant to *In re K.C.*, we can assume that the court's finding that Charlie had been adjudicated for a violent or serious offense satisfies the first factor required in N.C. Gen. Stat. § 7B-2501. *In re K.C.*, ___ N.C. App. at ___, 742 S.E.2d at 246.

In the "Other" section of the disposition order, the court included a narrative that states

> [Charlie's] grandmother, with whom he currently lives, cannot provide the stability and supervision that he needs to thrive and succeed. [Charlie] needs a long-term out-of-home placement that can provide him with structure and stability that he has never had. It is better for [Charlie] to be committed to a Youth Development Center, with a strong recommendation for a community commitment, like a foster home or other group home, so that he can receive immediate services in a stable environment.

The court's discussion of Charlie's need for a "long-term out-of-home placement that can provide him with structure and stability" relates to the fifth factor regarding Charlie's rehabilitative and treatment needs.

Although the district court's disposition order addresses the first and fifth statutory factors, it does not address the second, third, or fourth required factors. However, the court's disposition order incorporated Counselor Siedliski's predisposition report, risk assessment, and needs assessment, so we now look to whether the report and assessments properly addressed the required factors.

Counselor Siedliski's report states that Charlie was in court for a probable cause hearing for "Felony B & E and Larceny after B & E" and classifies the current offense as "Serious."

Under *In re K.C.*, this classification satisfies the first factor required in N.C. Gen. Stat. § 7B-2501. *In re K.C.*, ___ N.C. App. at ___, 742 S.E.2d 246.

The report does not, however, address the second statutory factor because it fails to mention anything pertaining to the need to hold Charlie accountable. The predisposition report states, "[Charlie] has an extensive delinquent history including felony adjudications." However, Charlie's delinquent history and past adjudications do not do not constitute a finding by the court that Charlie needs to currently be held accountable.

The predisposition report also states, "[c]ommitment is warranted to best address the needs of [Charlie] while safeguarding society." This demonstrates that the district court considered the public's safety in determining the proper disposition for Charlie and thus, properly addressed the third statutory factor.

The fourth factor requiring the court to consider the degree of Charlie's culpability is not addressed in Counselor Siedliski's predisposition report. The statute requires the court to address the "circumstances of the particular case" in determining the juvenile's degree of culpability. N.C. Gen. Stat. § 7B-2501(c). The report makes no mention of Charlie's

degree of culpability. The report states that Charlie was in court for "a VOP for failing to attend the SCORE program as well as not complying with electronic monitoring." Yet, Charlie's admission to violating the conditions of his probation is not included in the report and there is no other evidence in the report concerning Charlie's culpability in violating his probation. The report also states, "[t]he alleged pending felonies would have been committed less than two weeks after [Charlie was] discharged from Eckerd Candor." However, the alleged pending charges mentioned in the report were voluntarily dismissed by the State. The report makes no other mention of Charlie's current culpability and therefore does not properly address the fourth factor.

The fifth factor discusses the "rehabilitative and treatment needs of the juvenile indicated by a risk and needs assessment." N.C. Gen. Stat. § 7B-2501(c). In determining Charlie's disposition, the district court reviewed and incorporated Counselor Seidliski's report, risk assessment, and needs assessment. The predisposition report recommends "that [Charlie] be Committed to a Youth Development Center with consideration for Community Commitment." This recommendation combined with the incorporation of Counselor Siedliski's risk

assessment and needs assessment satisfies the fifth statutory factor.

Taking the district court's disposition order and the incorporated report and assessments as a whole, the district court properly addressed only three of the five required statutory factors. The order makes no findings showing that the court considered factors two and four in determining Charlie's disposition. Therefore, the court's order "contains insufficient findings to allow this Court to determine whether it properly considered *all* of the factors required by N.C.G.S. § 7B-2501(c)." *In re V.M.*, 211 N.C. App. at 392, 712 S.E.2d at 216 (emphasis added). Accordingly, because the district court's order in this case fails to address two of the five required factors under N.C. Gen. Stat. § 7B-2501(c), we hold that the court failed to make sufficient findings of fact establishing that a level 3 disposition was warranted. We reverse the district court's disposition and remand to the district court to make additional findings of fact.

## C. Abuse of Discretion

Charlie contends the district court abused its discretion because it based his commitment on the fact that his parents and guardians could not provide him with a stable and nurturing

environment. Since we have already determined the district court failed to make the requisite findings of fact in its disposition order and remanded this case for a new disposition hearing, we need not address this issue.

## V. Conclusion

For the foregoing reasons, the decision of the district court is

REVERSED AND REMANDED.

Judge ERVIN and DAVIS concur.

Report per Rule 30(e).