IN THE MATTER OF: B.P., S.P., R.T.

No. COA04-498

(Filed 19 April 2005)

**1. Appeal and Error— appealability—permanency planning review order**

A permanency planning review order was not a final dispositional order and was thus not appealable by respondent mother as to two of her children, who had previously been adjudicated neglected and dependent, where it did not alter the original permanency plan for those two children but continued the guardianship plans for them. However, the permanency planning review order was a final dispositional order as to a third child and was thus immediately appealable by respondent mother where it changed the disposition for the third child from guardianship to adoption. N.C.G.S. § 7B-1001.

**2. Constitutional Law— effective assistance of counsel—child neglect**

The trial court did not err in a child neglect case by failing to vacate its order based on respondent mother's allegation that she received ineffective assistance of counsel, because: (1) although

**IN RE B.P., S.P., R.T.**

[169 N.C. App. 728 (2005)]

respondent argues generally that counsel was difficult to contact, failed to call additional witnesses, and made no motions before the trial court, respondent failed to specify what motions should have been made and what evidence could have been, but was not, presented before the trial court; and (2) without a proper showing of counsel's deficiencies, respondent failed to set forth a claim for ineffective assistance of counsel.

**3. Child Abuse and Neglect— failure to enter order within thirty days—particularity requirement**

The trial court erred in a child neglect case by failing to enter the order within thirty days of the permanency planning hearing pursuant to N.C.G.S. §§ 7B-807(b) and 7B-905(a), because: (1) the dispositional order was entered six months after the hearing at the trial; (2) the trial court failed to satisfy the particularity requirement of the statute in its oral disposition by failing to state with particularity the person or agency in whom custody is vested and the duration of the order, and by adopting DSS's recommendations as findings of fact without adjudicating the evidence; and (3) the extensive delay prejudiced all parties when respondent was unable to visit the children during the six-month delay, the children were delayed in receiving a permanent family environment, and the prospective adoptive parents were prevented from moving forward with adoption proceedings.

Judge WYNN concurring in part and dissenting in part.

Appeal by respondent mother from order entered 13 August 2003 by Judge P. Gwynette Hilburn in Pitt County District Court. Heard in the Court of Appeals 25 January 2005.

*Janis Gallagher, for petitioner-appellee Pitt County Department of Social Services.*

*Katharine Chester, for respondent-appellant.*

TYSON, Judge.

Kimberly Tripp ("respondent") appeals from the trial court's permanency planning review order entered 13 August 2003, *nunc pro tunc* to 13 February 2003. We dismiss respondent's appeal as it relates to B.P. and R.T. as interlocutory. We reverse the trial court's order as it relates to S.P. and remand.

IN RE B.P., S.P., R.T.

[169 N.C. App. 728 (2005)]

## I. Background

Respondent is the mother of three minor children: B.P., S.P., and R.T. (collectively, "the children"). On 31 March 1999, the trial court adjudicated the children to be neglected and dependent. Respondent did not appeal from this order. The children were placed in foster care, received therapy, and were allowed visitation with respondent.

Following entry of the original adjudication and dispositional order, the trial court conducted several review hearings. In March 2001, the trial court entered a permanency planning review order relieving the Pitt County Department of Social Services ("DSS") from reunification efforts and ordering the "permanency plan" for the children to be with "approved caretakers." Respondent did not appeal from this order, or the subsequent continuation of the permanency plan as set forth in the review orders entered June 2001, January 2002, May 2002, and July 2002.

The trial court conducted another permanency planning hearing on 13 February 2003 and by order dated 13 August 2003, continued the permanency plans for R.T. and B.P., but changed the permanency plan of guardianship for S.P. from an approved caretaker to adoption. Respondent appeals from this order.

## II. Issues

The issues presented are whether: (1) this appeal is interlocutory; (2) the trial court erred in entering permanency plans for S.P. when it failed to consider the changed circumstances of the mother; (3) respondent was provided ineffective assistance of counsel; (4) the trial court failed to enter timely orders; and (5) the findings of fact and conclusions of law do not resemble the orders rendered in open court, are not supported by competent evidence, and are insufficient as a matter of law.

## III. Interlocutory Order

[1] DSS contends respondent's appeal of the 13 August 2003 order as it relates to guardianship of the children is interlocutory. We agree the order is interlocutory as it relates to B.P. and R.T., but disagree as it relates to S.P.

In order for this Court to review an interlocutory order, the appealing party carries the burden of establishing that:

(1) the order or judgment is final as to some but not all of the claims or parties, and the trial court certifies the case for appeal pursuant to N.C.G.S. § 1A-1, Rule 54(b); or (2) when the challenged order affects a substantial right that may be lost without immediate review. *Flitt v. Flitt*, 149 N.C. App. 475, 561 S.E.2d 511 (2002).

*McConnell v. McConnell*, 151 N.C. App. 622, 624-25, 566 S.E.2d 801, 803 (2002). We must determine whether an appeal is interlocutory on a case-by-case basis. *Id.* at 625, 566 S.E.2d at 803 (citing *McCallum v. North Carolina Coop. Extensive Serv. of N.C. State Univ.*, 142 N.C. App. 48, 542 S.E.2d 227, *appeal dismissed and disc. rev. denied*, 353 N.C. 452, 548 S.E.2d 527 (2001)).

N.C. Gen. Stat. § 7B-1001 (2003) establishes the right to appeal from a final order in a juvenile case:

A final order shall include:

(1) Any order finding absence of jurisdiction;

(2) Any order which in effect determines the action and prevents a judgment from which appeal might be taken;

(3) Any order of disposition after an adjudication that a juvenile is abused, neglected, or dependent; or

(4) Any order modifying custodial rights.

Sections (1), (2), and (4) are inapplicable to the case at bar because the 13 August 2003 and 1 October 2003 permanency planning review orders do not find absences of jurisdiction, determine the action or prevent a judgment, or modify respondent's custody rights to her children.

As B.P. and R.T. have been adjudicated neglected and dependent, our review turns to whether the order appealed from constitutes a "disposition" or a "final order" as contemplated under the statute. DSS contends the 13 August 2003 order is not a dispositional order as to B.P. and R.T. because it does not change or alter the original permanency plan set forth in the March 2001 order. We agree.

This Court addressed whether a permanency planning review order was a dispositional order for purposes of appeal in *In re Weiler*, 158 N.C. App. 473, 581 S.E.2d 134 (2003). In *Weiler*, the petitioner argued the permanency planning review order was not a final order. *Id.* at 476, 581 S.E.2d at 136. This Court disagreed because the facts

showed the review order *changed* the permanency plan from reunification to adoption. *Id.* at 477, 581 S.E.2d at 137. We held that "[a]n order that changes the permanency plan in this manner is a dispositional order that fits squarely within the statutory language of section 7B-1001." *Id.* (citation omitted); *In re Everett,* 161 N.C. App. 475, 588 S.E.2d 579 (2003) (addressing merits of appeal regarding permanency planning order that relieved DSS from facilitating further reunification efforts).

Here, the disposition and permanency plan for B.P. and R.T. were ordered in March 2001. Subsequent permanency planning review hearings reaffirmed that plan and order. Respondent had the ability to appeal from those orders, but did not avail herself of that opportunity. *See In re Everett, supra* (appeal from permanency planning orders). We are bound by the findings of fact and conclusions of law set forth in the March 2001 order. *See Hayden v. Hayden,* 178 N.C. 259, 263, 100 S.E. 515, 517 (1919) ("This decree was not appealed from, and is therefore valid and binding in every respect."); *see also Kelly v. Kelly,* 167 N.C. App. 437, 443, 606 S.E.2d 364, 369 (2004) (orders not appealed from become the "law of the case") (citing *Johnson v. Johnson,* 7 N.C. App. 310, 313, 172 S.E.2d 264, 266 (1970)).

Further, the order appealed from is temporary in nature as it set a review for 14 August 2003, after the date of the order appealed from. *See Senner v. Senner,* 161 N.C. App. 78, 81, 587 S.E.2d 675, 677 (2003) (an order is not a final order and "is temporary if . . . it states a clear and specific reconvening time in the order and the time interval between the two hearings was reasonably brief . . .") (citations omitted). Respondent's appeal is from a continuation order of the permanency plan for B.P. and R.T. The appeal is not from a final order and is interlocutory as to B.P. and R.T.

Because the 13 August 2003 order changed the disposition for S.P. from guardianship to adoption, it is a final order. *See In re Weiler, supra.* As the order is final, we address the merits of respondent's appeal regarding the order's disposition of S.P. N.C. Gen. Stat. § 7B-1001(3).

### IV. Standard of Review

"If the trial court's findings of fact are supported by competent evidence, they are conclusive on appeal." *In re Weiler,* 158 N.C. App. at 477, 581 S.E.2d at 137 (citation omitted). This Court is "bound by

the trial court's findings of fact where there is some evidence to support those findings, even though the evidence might sustain findings to the contrary." *In re Montgomery*, 311 N.C. 101, 110-11, 316 S.E.2d 246, 252-53 (1984) (citation omitted).

## V. Ineffective Assistance of Counsel

[2] Respondent contends the trial court's order should be vacated because she was provided ineffective assistance of counsel. We disagree.

A parent is entitled to counsel in cases involving allegations of abuse, neglect, or dependency. N.C. Gen. Stat. § 7B-602(a) (2003). In order to prevail on a claim of ineffective assistance of counsel, a respondent " 'must show that counsel's performance was deficient and the deficiency was so serious as to deprive [him] of a fair hearing.' " *In re Faircloth*, 153 N.C. App. 565, 571, 571 S.E.2d 65, 70 (2002) (quoting *In re Bishop*, 92 N.C. App. 662, 665, 375 S.E.2d 676, 679 (1989) (alteration in original)).

In *In re Faircloth*, the respondent asserted that counsel should have issued subpoenas and filed motions. 153 N.C. App. at 572, 571 S.E.2d at 70. The respondent did not specify or identify what motions or any witnesses who should have been subpoenaed, and failed to show any prejudice resulting from counsel's alleged deficiencies. *Id.* We found no error in the counsel's performance and overruled the respondent's assignment of error.

Similarly, respondent at bar argues generally that counsel was difficult to contact, failed to call additional witnesses, and made no motions before the trial court. Respondent, however, has failed to specify what motions should have been made and what evidence could have been, but was not, presented before the trial court. Without a proper showing of counsel's deficiencies, respondent failed to set forth a claim for ineffective assistance of counsel. Further, a review of the transcript from the 13 February 2003 hearing shows that respondent's counsel had represented her in prior hearings. During the 13 February 2003 hearing, counsel participated in the hearing, cross-examined and recross-examined DSS's witnesses, and objected to portions of witnesses' testimony.

Respondent has failed to assert any credible argument to establish how such counsel's alleged deficiency deprived her of a fair hearing. Respondent was afforded an opportunity to testify, and after being called as a witness by her counsel, was able to present her tes-

timony and evidence before the trial court. This assignment of error is overruled.

## VI.  Entry of Order

**[3]** Respondent contends the trial court erred by failing to enter the order within thirty days of the permanency planning hearing pursuant to N.C. Gen. Stat. § 7B-807(b) and § 7B-905(a). As the record shows the dispositional order was entered six months after the hearing and the trial court failed to satisfy the particularity requirements in the statute in its oral disposition, we agree.

## A.  Timeliness of Entry

Effective 1 January 2002, N.C. Gen. Stat. § 7B-807(b) and § 7B-905(a) were revised to require that juvenile adjudication and dispositional orders shall be reduced to writing, signed, and entered by the trial court no later than thirty days following completion of the hearing. 2001 N.C. Sess. Laws ch. 208, § 17. We previously held that the order appealed from is a dispositional order and is final as it relates to S.P. Thus, N.C. Gen. Stat. § 7B-905 applies. N.C. Gen. Stat. § 7B-905(a) (2003) provides in part, "[t]he dispositional order *shall* be in writing, signed, and entered no later than 30 days from the completion of the hearing . . . ." (Emphasis supplied).

This Court addressed the timeliness issue pertaining to termination of parental rights orders in *In re L.E.B. & K.T.B.*, 169 N.C. App. 375, 610 S.E.2d 424 (2005). We held a delay of over 180 days between the termination hearing and entry of the termination order amounted to error. *Id.* at 377, 610 S.E.2d at 425. We determined the delay was in direct contradiction to the General Assembly's presumed intent to provide a "speedy resolution" to juvenile custody and termination of parental rights cases. *Id.* at 379, 610 S.E.2d at 426. We concluded the error prejudiced all parties involved: the respondent-mother, the minors, and the foster parent. *Id.*

In *In re L.E.B. & K.T.B.*, the Court examined a multitude of unreported decisions and three published opinions holding a delay beyond the statutory time limits provided in the Juvenile Code was error, but not reversible without a showing of prejudice. In *In re E.N.S.*, a dispositional order was entered over forty days after the hearing in violation of N.C. Gen. Stat. § 7B-905(a). 164 N.C. App. 146, 153, 595 S.E.2d 167, 171-72, *disc. rev. denied*, 359 N.C. 189, 606 S.E.2d 903 (2004). This Court determined that "although the order was not

filed within the specified time requirement," the "respondent [did not] show how she was prejudiced by the late filing." *Id.* at 153, 595 S.E.2d at 172. We concluded the delay "amounted to harmless error and [was] not grounds for reversal." *Id.* at 154, 595 S.E.2d at 172.

In *In re J.L.K.* this Court held that absent a showing of prejudice, the trial court's failure to reduce to writing, sign, and enter a termination order beyond the thirty day limit may be harmless error. 165 N.C. App. 311, 314, 598 S.E.2d 387, 390 (2004) (order entered eighty-nine days after the hearing), *disc. rev. denied,* 359 N.C. 68, 604 S.E.2d 314 (2004).

This analysis was further extended to petitions seeking termination of parental rights under N.C. Gen. Stat. § 7B-907(e) (2003). *See In re B.M., M.M., An.M., and Al.M.,* 168 N.C. App. 350, 355, 607 S.E.2d 698, 702 (2005) (Although this Court found error, but not prejudice, we stated, "[w]e strongly caution against this practice, as it defeats the purpose of the time requirements specified in the statute, which is to provide parties with a speedy resolution of cases where juvenile custody is at issue.").

Here, the permanency planning hearing for S.P. was held on 13 February 2003. The trial court rendered an oral disposition in open court. The transcript from the 13 August 2003 hearing shows the trial court "absolutely remember[ed]" the order was entered prior to that date, but that the Clerk of Court failed to locate the filed order. Consequently, a subsequent dispositional order served as a "resubmitted order" was reduced to writing, signed, and entered by the trial court on 13 August 2003, over 180 days later. *See In re Pittman,* 151 N.C. App. 112, 114, 564 S.E.2d 899, 900 (2002) (" 'The announcement of judgment in open court is the mere rendering of judgment, not the entry of judgment. The entry of judgment is the event which vests this Court with jurisdiction.' "). This late entry clearly violates the thirty day time limit prescribed by N.C. Gen. Stat. § 7B-905(a) and was error.

### B. Prejudice

N.C. Gen. Stat. § 7B-905(a) (2003) states:

The dispositional order *shall* be in writing, signed, and entered no later than 30 days from the completion of the hearing, and *shall* contain appropriate findings of fact and conclusions of law. The court *shall* state with particularity, *both orally and in the written order of disposition,* the precise terms of the disposition including the kind, duration, and the person who is responsible for car-

IN RE B.P., S.P., R.T.

[169 N.C. App. 728 (2005)]

rying out the disposition and the person or agency in whom custody is vested.

(Emphasis Supplied).

Our review of the transcript from the 13 February 2003 hearing shows that the trial court failed to satisfy the particularity requirements of the statute in its oral disposition. Following oral arguments and testimony during the permanency planning review hearing, the trial court stated:

> Alright. And I understand [respondent's] and I understand [DSS's] position. There is no question in my mind that [respondent] loves her children incredibly much and we have been very cognizant of that over the years and have tried so hard to, and, and [sic] really, we've tried everything that I can imagine that we could try. And I'm delighted that [S.P.] might have some permanence and so I am going to adopt the recommendations and allow the department to move forward with the concept of adoption for [S.P.] . . . .

These statements constitute the entire oral disposition for S.P. and include the "kind" of disposition (adoption) and "the person who is responsible for carrying out the disposition" (the department). N.C. Gen. Stat. § 7B-905(a). However, the oral rendition fails to state with particularity the "person or agency in whom custody is vested" and the "duration" of the order. *See Id.* Further, the trial court's ruling to "adopt" DSS's recommendations is insufficient to enter the findings of fact. *See Moore v. Moore*, 160 N.C. App. 569, 571-72, 587 S.E.2d 74, 75 (2003) ("[R]ecitations of the testimony of each witness *do not* constitute *findings of fact* by the trial judge, because they do not reflect a conscious choice between the conflicting versions of the incident in question which emerged from all the evidence presented.") (quoting *In re Green*, 67 N.C. App. 501, 505 n.1, 313 S.E.2d 193, 195 n.1 (1984)).

We hold the trial court prejudiced respondent by: (1) failing to state with particularity the "person or agency in whom custody is vested" and the "duration" of the order; and (2) "adopting" DSS's recommendations as findings of fact without adjudicating the evidence. During the six month delay between the hearing and entry of the order, respondent was not provided the necessary information from which she could prepare for future proceedings. She had no notice of the particular findings of fact or conclusions of law upon which the trial court based its decision.

**IN RE B.P., S.P., R.T.**

[169 N.C. App. 728 (2005)]

The order at bar contrasts with oral dispositions that are essentially transcribed later into the written dispositional order. *See In re Bullabough*, 89 N.C. App. 171, 179-80, 365 S.E.2d 642, 647 (1988) (this Court affirmed the appeal of a dispositional order that contained "certain findings and conclusions in the written order which [the trial court] did not state in open court. However, the *terms* of the disposition in the oral and written statements were the same."). Further,

> [i]t is reversible error for the trial court to enter a permanency planning order that continues custody with DSS without making proper findings as to the relevant statutory criteria. This rule applies even if the evidence and reports in this case might have supported the determination of the trial court.

*In re M.R.D.C.*, 166 N.C. App. 693, 695, 603 S.E.2d 890, 892 (2004) (citation and quotations omitted).

In addition, respondent asserts similar effects resulting from the delay in excess of six months that we recognized as prejudicial in *In re L.E.B. & K.T.B.* Respondent was unable to visit the children during the six month delay. The children were delayed in receiving a permanent family environment. We further recognize that prospective adoptive parents are prevented from moving forward with adoption proceedings. The extensive delay prejudiced all parties. *See In re L.E.B. & K.T.B.*, 169 N.C. App. at 379, 610 S.E.2d at 425 (" 'While we have located no clear reasoning for [the thirty day time limit], logic and common sense lead us to the conclusion that the General Assembly's intent was to provide parties with a speedy resolution of cases where juvenile custody is at issue.' " (quoting *In re E.N.S.*, 164 N.C. App. at 153, 595 S.E.2d at 172)). The trial court's failure to satisfy the statutory requirements under N.C. Gen. Stat. § 7B-905(a) requires a new hearing.

## VII. Conclusion

Respondent's appeal of the permanency planning order is interlocutory as it relates to B.P. and R.T. and it is dismissed. The trial court erred in entering a dispositional order that changed the permanency plan for S.P. from guardianship to adoption without complying with the requirements under N.C. Gen. Stat. § 7B-905(a), making the required findings of fact and conclusions of law, and by adopting DSS's recommendations without reflecting "a conscious choice between the contradicting versions." *Moore*, 160 N.C. App. at 571-72, 587 S.E.2d at 75. The order is reversed as it relates to S.P. and this matter is remanded for further proceedings.

Dismissed in part; Reversed in part; and Remanded.

Judge McGEE concurs.

Judge WYNN concurs in part, dissents in part.

WYNN, Judge concurring in part and dissenting in part.

In *In re J.L.K.*, —— N.C. App. ——, 598 S.E.2d 387 (2004), this Court held: "While the trial court's delay clearly violated the 30-day provision of N.C. Gen. Stat. § 7B-1109(e), we find no authority compelling that the TPR order be vacated as a result." *Id.* at ——, 598 S.E.2d at 390. In this appeal, respondent argues in her brief that a violation of the similar thirty-day provisions of N.C. Gen. Stat. § 7B-905(a) constitutes "prejudicial error *per se*" and does not require her "to prove specific prejudice." Because N.C. Gen. Stat. § 7B-905(a) like N.C. Gen. Stat. § 7B-1109(e), does not compel that adjudication and dispositional orders be vacated, I dissent from the majority opinion's holding to the contrary.[1]

First, contrary to Respondent's assertion, prejudice is required to be shown and N.C. Gen. Stat. § § 7B-807(b) and 7B-905(a) are not *per se* rules. In *In re E.N.S.*, 164 N.C. App. 146, 595 S.E.2d 167 (2004), this Court held that the respondent must show that she was prejudiced by the delay in order to grant a new hearing. *Id.* at 153, 595 S.E.2d at 172 (trial court's failure to file the adjudication and disposition orders, pursuant to section 7B-905(a) of the North Carolina General Statutes, within thirty days amounted to harmless error and is not grounds for reversal where respondent could not show prejudice).

Second, I disagree with Respondent's alternative contention that even if she is required to show specific prejudice, she showed prejudice in this case.

In *In re J.L.K.*, —— N.C. App. ——, 598 S.E.2d 387, this Court held that an eighty-nine day delay by the trial court in filing a written order, pursuant to section 7B-1109(e) of the North Carolina General Statutes, clearly violated the thirty-day provision of section 7B-1109(e) but there was "no authority compelling that the TPR order be vacated as a result." *Id.* at ——, 598 S.E.2d at 390. This Court fur-

---

1. Section 7B-905(a) (the provision in this case) like section 7B-1109(e) (the provision in *In re J.L.K.*) requires that juvenile adjudication and disposition orders be reduced to writing, signed, and entered by the trial court no later than thirty days following completion of the hearing. N.C. Gen. Stat. § 7B-905(a) (2004).

**IN RE B.P., S.P., R.T.**

[169 N.C. App. 728 (2005)]

ther concluded that "vacating the TPR order is not an appropriate remedy for the trial court's failure to enter the order within 30 days of the hearing." *Id.* at ——, 598 S.E.2d at 391.[2]

Here, the written permanency planning review order was not entered until six months following the hearing. However, this delay was due to the fact that the Office of the Clerk of Court could not find the original written order and the order had to be resubmitted and signed by the judge. The trial judge "absolutely remember[ed]" the lost order and the respondent did not dispute the circumstances or object to entry of the 13 February 2003 order on 13 August 2003. When the clerk's office could not find the original order, the trial judge re-filed the order outside of the thirty-day period.

Nevertheless, the majority finds Respondent was prejudiced by not being provided the necessary information to prepare for further proceedings. But at the 13 August 2003 hearing where the trial court signed the resubmitted order from the 13 February 2003 hearing, Respondent did not object to the untimeliness of the order or the reason for the delay. Also, the order did not require anything new of Respondent and the delay in entry did not affect her ability to appeal the order.[3] *In re E.N.S.*, 164 N.C. App. at 154, 595 S.E.2d at 172.

In my opinion, if there is prejudice in this matter, it would be to the children, not the respondent. Indeed, in *In re E.N.S.*, this Court stated:

[L]ogic and common sense lead us to the conclusion that the General Assembly's intent to provide parties with a speedy resolution of cases where juvenile custody is at issue. Therefore, **holding that the adjudication and disposition orders should be reversed simply because they were untimely filed would only aid in further delaying a determination** regarding E.S.' (sic) custody because juvenile petitions would

---

2. Notably, in our holding in *In re L.E.B.*, —— N.C. App. ——, —— S.E.2d —— (5 April 2005) (No. 04COA463) (delay of over 180 days between the termination hearing and the entry of the termination order amounted to error), this court did not create a bright-line rule of vacating all orders if they are not filed within the thirty-day time period. Following *In re J.L.K.*, this Court in *In re L.E.B.*, —— N.C. App. ——, —— S.E.2d —— (5 April 2005) (No. 04COA463) recognized that to prevail on the technical basis that an order was not timely filed under section 7B-1109(e) like section 7B-905(a), the respondent must show prejudice.

3. In *In Re J.L.K.*, —— N.C. App. at ——, 598 S.E.2d at 389, although the order was not "reduced to a written order, signed, and entered [until] 19 November 2002," this Court reviewed respondent's appeal based on a Notice of Appeal filed on 4 September 2002 from the trial court's oral grant of the TPR petition on 21 August 2002.

IN RE B.P., S.P., R.T.

[169 N.C. App. 728 (2005)]

have to be re-filed and new hearings conducted. Further, although the order was not filed within the specified time requirement, respondent cannot show how she was prejudiced by the late filing.

164 N.C. App. at 153, 595 S.E.2d at 172 (emphasis added).

Similarly, in this case, to hold that the juvenile petitions and new hearings must be conducted in this case only aids in furthering the delay for determining the custody of this child.[4] Indeed, the facts of this case show that this child and her two siblings have been the subject of proceedings since 20 August 1998 when juvenile summonses were issued to Respondent for abuse, neglect, and dependency. Sadly, the record shows that the family had "a very extensive history with the Pitt County Department of Social Services" as three older children of Respondent had been adjudicated neglected and dependent in 1990. The allegations included sexual abuse of two of the female children by the mother's boyfriend, chronic head lice, bruising of the children, roaches and maggots in the kitchen sink, and other abuses that make it clear why this Court most often defers to the judgment of our trial judges in these cases as they see and hear the witnesses and are in a better position than appellate judges to decide these cases. Suffice it to say, the record in this case details gross abuses to these children that inescapably point to the fact that this order should not be vacated on the technical ground that it was not filed within thirty days. This matter is not about a delay in filing this order within thirty days; rather, it was best summarized by the trial court in an unchallenged finding of fact:

46. That over the last five years since these children have been in the custody of the Department [of Social Services], the court has tried everything possible to allow for contact between the children and respondent parents, however every attempt has failed.

These children continue to improve as they receive psychological, psychiatric, medical, education, and remedial services. It is time now to give them a permanent and stable environment. Five-and-a-half years in the legal system is enough for these children.

---

[4]. I agree with the majority's holding dismissing Respondent's appeal as it relates to B.P. and R.T. as interlocutory and overruling Respondent's assignment of error relating to ineffective assistance of counsel. However, I disagree with the majority's result as to S.P.