IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-267

 No. COA20-299

 Filed 15 June 2021

 Union County, No. 09 JB 44

 IN THE MATTER OF: K.N.H.

 Appeal by juvenile from orders entered 23 May 2019 by Judge William F.

 Helms, III in Union County District Court. Heard in the Court of Appeals 11 May

 2021.

 Attorney General Joshua H. Stein, by Assistant Attorney General Erika N.
 Jones, for the State.

 Appellate Defender Glenn Gerding, by Assistant Appellate Defender Hannah H.
 Love, for Defendant-Appellant.

 CARPENTER, Judge.

¶1 Appellant K.N.H. appeals from an order on motion for review (the “Order on

 Motion for Review”) dated 23 May 2020, concluding K.N.H. violated the conditions of

 probation and ordering an entry of a Level 3 disposition, and from a disposition and

 commitment order (the “Disposition and Commitment Order”) entered 23 May 2020

 committing him to a youth development center (“YDC”). On appeal, he argues the
 IN RE: K.N.H.

 2021-NCCOA-267

 Opinion of the Court

 trial court erred in imposing a Level 3 disposition based solely on its finding that he

 had violated an oral condition of probation. Further, he asserts that the trial court

 erred in entering the Level 3 disposition by failing to orally state the duration of the

 disposition at the time of commitment to the YDC, as statutorily required. For the

 following reasons, we affirm.

 I. Factual & Procedural Background

¶2 In pertinent part, the record reveals the following: on 14 December 2017, an

 adjudication hearing was held in connection with four juvenile petitions the State

 filed against K.N.H., including common law robbery. K.N.H. admitted to the lesser

 offense of larceny from a person for the common law robbery allegation. The State

 dismissed the remaining three charges against him. The trial court entered a Level

 1 disposition and placed K.N.H. on probation for a period of twelve months.

¶3 On 3 May 2018, the State filed a juvenile petition against K.N.H. alleging one

 count of possession of stolen goods. On 28 June 2018, K.N.H. admitted to the offense

 of possession of stolen goods. The trial court ordered K.N.H. to Level 2 probation for

 twelve months.

¶4 On 23 August 2018, the State filed three additional petitions against K.N.H.

 alleging attempted robbery with a dangerous weapon, minor in possession of a

 handgun, and assault by pointing a gun. On 27 September 2018, the court conducted

 an adjudication hearing. At the hearing, the offense of robbery with a dangerous
 IN RE: K.N.H.

 2021-NCCOA-267

 Opinion of the Court

 weapon was amended to the offense of attempted common law robbery pursuant to

 K.N.H.’s Alford plea.1 K.N.H. admitted to the offense of possessing a handgun, and

 the State dismissed the remaining charge. The case was continued for disposition

 until 11 October 2018.

¶5 On 11 October 2018, the trial court entered its dispositional order and placed

 K.N.H. on Level 2 probation for a period of twelve months under the previous terms

 and conditions as well as the additional conditions imposed by the 11 October 2018

 supplemental order for conditions of probation (the “Supplemental Order”), which the

 court incorporated by reference and attached to the dispositional order. The

 Supplemental Order required K.N.H. to, inter alia, “submit to [e]lectronic

 [m]onitoring for 90 days and comply with all conditions set by the [c]ourt [c]ounselor.”

¶6 On 9 January 2019, a juvenile court counselor filed a motion for review alleging

 K.N.H. had “violated the conditions imposed by the [c]ourt by receiving new

 delinquent charges that include[d] using a handgun.” Further, it was based on

 K.N.H.’s violations of the conditions imposed by the 11 October 2018 dispositional

 order, including remaining on good behavior and not violating any laws; not

 possessing a firearm, explosive device, or other deadly weapon; and submitting to

 1 In North Carolina v. Alford, 400 U.S. 25, 37–38, 27 L. Ed. 2d 162, 171–72, 91 S. Ct. 160, 167–

 68 (1970), the Supreme Court of the United States held a defendant may enter a “plea containing a
 protestation of innocence” when the defendant intelligently concludes that a guilty plea is in his best
 interest, and the record “contains strong evidence of actual guilt.”
 IN RE: K.N.H.

 2021-NCCOA-267

 Opinion of the Court

 electronic monitoring for ninety days and complying with all conditions set by the

 court counselor.

¶7 On 17 January 2019, the trial court held a probation review hearing, and

 K.N.H. was ordered to “remain in secure custody” due to his status as a “danger to

 persons.” K.N.H. remained in secure custody until the adjudication and secure

 hearing on 23 May 2019.

¶8 On 23 May 2019, the trial court held a hearing in connection with the motion

 for review before the Honorable W. Robert Bell Pomeroy in Union County District

 Court. The prosecutor for the State informed the court that it was proceeding only

 on the allegation that K.N.H. willfully violated the condition of submitting to

 electronic monitoring. K.N.H. denied the allegation.

¶9 At the hearing, Stephanie Missick (“Ms. Missick”), the juvenile court counselor

 over K.N.H.’s case, testified K.N.H. and his parent signed a form for the monitoring

 equipment in case it was damaged and, at that time, they “talked about the

 [probation] conditions.” She mentioned, “[K.N.H.] wasn’t to leave unless he was with

 his parent.” If K.N.H. was given “time out,” meaning time to be outside of his home

 on electronic monitoring, Ms. Missick “would have to go in the computer and put time

 out, he had to be with his parent.” According to Ms. Missick, she gave K.N.H. time

 out near the holidays, including multiple days in December 2018 and on 1 January

 2019. She also testified that when K.N.H. was placed on the electronic monitoring,
 IN RE: K.N.H.

 2021-NCCOA-267

 Opinion of the Court

 she told him, “If you go anywhere, you’ve got to be with [a parent].” Finally, Ms.

 Missick testified that K.N.H. told her that he “did leave” and that “[h]e wasn’t with

 his dad” for the entire “time out” period on 1 January 2019.

¶ 10 K.N.H.’s probation violation in this case occurred on 1 January 2019. Ms.

 Missick scheduled K.N.H. time out from 11:00 a.m. to 7:00 p.m. in light of the New

 Year’s Day holiday. K.N.H.’s mother testified that she had K.N.H.’s maternal

 grandmother take K.N.H. to the Icemorlee area of Monroe to visit his father and

 family because she did not have a vehicle herself. She further testified that his

 grandmother saw K.N.H.’s father at a gas station, and she dropped K.N.H. off with

 him. K.N.H.’s father took him to his aunt’s house where they would have dinner with

 family. When the prosecutor asked K.N.H.’s mother if she “understood that when

 [K.N.H.] was home with [her] he was supposed to be with [her]”, she responded, “[a]nd

 he was. Yes, ma’am.”

¶ 11 According to K.N.H.’s father, once he picked up K.N.H. from the gas station at

 about 1:00 p.m., they went to K.N.H.’s aunt’s house for a dinner with 15 or 16 family

 members. K.N.H.’s father testified he last saw K.N.H. “standing on the porch” of the

 house at around 2:00 p.m. He further testified he did not know where K.N.H. was

 from approximately 2:00 p.m. to 5:00 p.m. When asked if he “knew that [he] had to

 have eyes on [K.N.H.] and know where he was at all times,” K.N.H’s father responded,

 “I didn’t have conversations, but I was there. I heard things.” K.N.H.’s father
 IN RE: K.N.H.

 2021-NCCOA-267

 Opinion of the Court

 acknowledged that both he and K.N.H. were present when Ms. Missick told them that

 K.N.H. had to be with a parent at all times when he was on time out.

¶ 12 After hearing closing arguments, the court found K.N.H. “was in willful

 violation of [his] probationary conditions.” Consequently, the court committed

 K.N.H. to a YDC for an indefinite period.

¶ 13 On 23 May 2019, the Honorable Judge Williams F. Helms III entered the Order

 on Motion for Review, which found the allegations were proven by the greater weight

 of the evidence. Additionally, Judge Helms entered the written Disposition and

 Commitment Order, imposing a Level 3 disposition and committing K.N.H. to a YDC

 for a minimum period of six months and a maximum period until his eighteenth

 birthday. K.N.H. filed a timely, written notice of appeal from the 23 May 2019 Order

 on Motion for Review and Disposition and Commitment Order.

 II. Jurisdiction

¶ 14 This Court has jurisdiction to address the juvenile’s appeal from the final

 orders pursuant to N.C. Gen. Stat. § 7B-2602 (2019) and N.C. Gen. Stat. § 7B-2604

 (2019).

 III. Issues

¶ 15 The issues on appeal are whether (1) the trial court erred by entering a Level

 3 disposition based solely on its finding that K.N.H. violated a condition of probation

 for which he did not receive written notice; and (2) the trial court erred by entering a
 IN RE: K.N.H.

 2021-NCCOA-267

 Opinion of the Court

 Level 3 disposition without stating the precise duration of K.N.H.’s commitment to

 the YDC in its oral order of disposition.

 IV. Standard of Review

¶ 16 “When a juvenile argues to this Court that the trial court failed to follow a

 statutory mandate, the error is preserved and is a question of law reviewed de novo.

 Under a de novo review, the [C]ourt considers the matter anew and freely substitutes

 its own judgment for that of the lower tribunal.” In re E.M., 263 N.C. App. 476, 479,

 823 S.E.2d 674, 676 (2019) (citations omitted) (emphasis added).

 V. Violation of Electronic Monitoring Probation Condition

¶ 17 In his first argument, K.N.H. contends the trial court erred in failing to follow

 N.C. Gen. Stat. § 7B-2512(a), which mandates the court to “state with particularity”

 the terms and conditions of probation in both the oral and written orders of

 disposition since probation is a “precise term[ ] of the disposition . . . .” N.C. Gen.

 Stat. § 7B-2512(a) (2019). Furthermore, he asserts that since the trial court failed to

 make such written findings, the condition of probation requiring him to be in the

 presence of one of his parents while on electronic monitoring is invalid and could not

 be willfully violated; thus, the trial court abused its discretion by entering a Level 3

 disposition based on K.N.H.’s violation of that condition of probation. The State

 argues that this issue was not properly preserved for appellate review. The State

 contends, even if it were properly preserved, the probation condition imposed by the
 IN RE: K.N.H.

 2021-NCCOA-267

 Opinion of the Court

 trial court was valid and enforceable, and the violation of the condition permitted the

 court to enter a Level 3 disposition.

¶ 18 After careful review, we find K.N.H.’s argument that the trial court failed to

 follow a statutory mandate is preserved, see In re E.M., 263 N.C. App. at 479, 823

 S.E.2d at 676, and agree with the State that the trial court’s order of electronic

 monitoring was consistent with the pertinent statutory requirements.

¶ 19 “The purpose of dispositions in juvenile actions is to design an appropriate plan

 to meet the needs of the juvenile and to achieve the objectives of the State in

 exercising jurisdiction, including the protection of the public.” N.C. Gen. Stat. § 7B-

 2500 (2019). The disposition developed by the trial court for each case is designed to

 “[p]romote public safety”; “[e]mphasize[ ] accountability and responsibility” of the

 juvenile’s parents and guardians as well as the juvenile; and “[p]rovide[ ] appropriate

 consequences, treatment, training and rehabilitation” for the juvenile. N.C. Gen.

 Stat. § 7B-2500 (1)–(3).

¶ 20 N.C. Gen. Stat. § 7B-2512 provides the requirements for the dispositional

 order:

 [t]he dispositional order shall be in writing and shall
 contain appropriate findings of fact and conclusions of law.
 The court shall state with particularity, both orally and in
 the written order of disposition, the precise terms of the
 disposition including the kind, duration, and the person
 who is responsible for carrying out the disposition and the
 person or agency in whom custody is vested.
 IN RE: K.N.H.

 2021-NCCOA-267

 Opinion of the Court

 N.C. Gen. Stat. § 7B-2512(a).

¶ 21 A “court exercising jurisdiction over a juvenile who has been adjudicated

 delinquent” may impose certain dispositional alternatives in accordance with N.C.

 Gen. Stat. § 7B-2508, including “plac[ing] the juvenile on probation under the

 supervision of a juvenile court counselor, as specified in [N.C. Gen. Stat. § 7B-2510].”

 N.C. Gen. Stat. § 7B-2506(8) (2019).

¶ 22 N.C. Gen. Stat. § 7B-2510 provides the conditions of probation for the

 underlying dispositional alternatives upon which a delinquent juvenile may be placed

 pursuant to N.C. Gen. Stat. § 7B-2506(8). Under subsection (a), the conditions of

 probation ordered by a court must be “related to the needs of the juvenile and [be]

 reasonably necessary to ensure that the juvenile will lead a law-abiding life.” N.C.

 Gen. Stat. § 7B-2510(a). Under subsection (b), the court may impose the “regular

 conditions of probation specified in subsection (a),” or it may choose from certain other

 conditions. N.C. Gen. Stat. § 7B-2510(b). One such condition of probation a court

 may order in a juvenile proceeding under subsection (b) is the juvenile “[c]ooperate

 with electronic monitoring” so long as the juvenile is “directed to comply by the chief

 court counselor” and “the juvenile is subject to Level 2 dispositions pursuant to [N.C.

 Gen. Stat. § 7B-2508] . . . .” N.C. Gen. Stat. § 7B-2510(b)(4).

¶ 23 “When the language of a statute is clear and unambiguous, there is no room
 IN RE: K.N.H.

 2021-NCCOA-267

 Opinion of the Court

 for judicial construction and the courts must give the statute its plain and definite

 meaning, and are without power to interpolate, or superimpose, provisions and

 limitations not contained therein.” In re Banks, 295 N.C. 236, 239, 244 S.E.2d 386,

 388–89 (1978) (citation omitted).

¶ 24 In this case, the trial court ordered K.N.H. to submit to electronic monitoring

 for ninety days pursuant to N.C. Gen. Stat. § 7B-2510(b) and to comply with all

 conditions set by the court counselor in the court’s Supplemental Order. The

 Supplemental Order also specifically stated that if K.N.H. were to “violate[ ] curfew

 or any conditions set forth by the court counselor[, then] he shall be placed back in

 detention.”

¶ 25 N.C. Gen. Stat. § 7B-2506(8) “clear[ly] and unambiguous[ly]” allows

 “place[ment of] the juvenile on probation under the supervision of a juvenile court

 counselor.” See Id. at 239, 244 S.E.2d at 389–90; N.C. Gen. Stat. § 7B-2506(8).

 Furthermore, N.C. Gen. Stat. § 7B-2510(b) allows a court to impose the

 “[c]ooperat[ion] with electronic monitoring” as a condition of probation in certain

 circumstances. Here, the statutory requirements were fulfilled for the court to

 impose electronic monitoring because K.N.H. was subject to a Level 2 disposition, and

 the chief court counselor directed him to comply with the condition of probation.

 Based on the plain language of the statute, only the specific condition of probation

 upon which the juvenile is placed—in this case, electronic monitoring—was required
 IN RE: K.N.H.

 2021-NCCOA-267

 Opinion of the Court

 to be precisely identified in the dispositional order. The Juvenile Code does not

 require that the disposition include the precise terms and conditions or rules of

 electronic monitoring that the court counselor imposes on the juvenile. Had the

 General Assembly intended district courts to include such detailed conditions, it

 would have included such language in the statute. See e.g., N.C. Gen. Stat. § 7B-

 2506(6) (stating a dispositional alternative may include an order for “the juvenile to

 perform up to 100 hours supervised community service consistent with the juvenile’s

 age, skill, and ability, specifying the nature of the work and the number of hours

 required”).

¶ 26 In arguing that specific juvenile conditions of probation must be in writing to

 be valid, K.N.H. cities to the parallel adult criminal provision on probation conditions,

 which specifically requires that “[a] defendant released on supervised probation . . .

 be given a written statement explicitly setting forth the conditions on which he is

 being released” as well as a “written statement setting forth [any] modifications.” See

 N.C. Gen. Stat. § 15A-1343(c). This argument is without merit. Since the General

 Assembly did not expressly provide the same requirements for juvenile probation in

 the Juvenile Code as the Criminal Procedure Act provides for adult criminals, we give

 the Juvenile Code statute its “plain and definite meaning” without interpolating

 language from the criminal statutes. See In re Banks, 295 N.C. at 239, 244 S.E.2d at

 388.
 IN RE: K.N.H.

 2021-NCCOA-267

 Opinion of the Court

¶ 27 Additionally, “[t]he General Assembly has demonstrated through the Juvenile

 Code its desire to give the courts a broad range of alternatives in juvenile delinquency

 cases, with the manifest goal of creating optimal solutions tailored to the particular

 circumstances of each wayward child.” In re D.L.H., 364 N.C. 214, 219, 694 S.E.2d

 753, 756 (2010) (holding the adult criminal statute governing credit for time served

 before disposition is inapplicable to juvenile proceedings based on the plain language

 of the Criminal Procedure Act and the Juvenile Code combined with the “legislative

 policy of affording the courts a wide variety of options in juvenile matters”).

¶ 28 Like our Supreme Court in In re D.L.H., we refuse to limit the options of the

 district courts by subjecting delinquent juveniles to adult criminal statutes where

 there is no statutory indication that a given criminal statute applies to a juvenile

 proceeding. Requiring the courts to set forth the specific rules, terms, and conditions

 of each dispositional alternative or condition of probation when not statutorily

 mandated would conflict with the goals of the Juvenile Code to provide “a broad range

 of alternatives” in juvenile proceedings and would interfere with the district court’s

 power to delegate certain tasks and responsibilities to third parties involved in the

 dispositional plans of delinquent juveniles. See id. at 219, 694 S.E.2d at 756.

 Moreover, in its role as an appellate court, the Court of Appeals is limited to

 interpreting statutes—not creating or enacting statutes as these are functions

 reserved for the legislatures. Share v. N.C. State Univ. Veterinary Teaching Hosp.,
 IN RE: K.N.H.

 2021-NCCOA-267

 Opinion of the Court

 219 N.C. App. 117, 127, 723 S.E.2d 352, 358 (2012) (“This Court is an error-correcting

 court, not a law-making court.”).

¶ 29 Relying on the unpublished case of In re E.M., K.N.H. next maintains that oral

 notice of a probation condition was insufficient because “[a] juvenile must receive

 written notice of a condition of probation for the condition to be valid.” We disagree.

¶ 30 In the case of In re E.M., the trial court judge orally announced that the

 juvenile was to cooperate with electronic monitoring if directed to do so by the chief

 court counselor. 227 N.C. App. 649, 745 S.E.2d 374, No. COA13-13, 2013 N.C. App.

 LEXIS 600, at *11-12 (N.C. App. June 4, 2013) (unpublished). Although the oral

 announcement of the disposition by the trial court judge was properly given, the

 written disposition did not provide that the juvenile was subject to electronic

 monitoring at the discretion of the court counselor. Id. at *11. Our Court held that

 “[b]ecause the written disposition order d[id] not require [electronic monitoring as a]

 condition of probation,” the oral order was invalid and inapplicable to the juvenile

 since it violated the statutory mandate imposed by N.C. Gen. Stat. § 7B-2510(b)(4).

 Id. at *11.

¶ 31 In the instant case, unlike In re E.M., there is a written disposition order

 requiring K.N.H. to cooperate with electronic monitoring and all conditions set by the

 court counselor. The parties do not dispute whether K.N.H. received oral notice of

 the condition to submit to electronic monitoring. Rather, the parties disagree as to
 IN RE: K.N.H.

 2021-NCCOA-267

 Opinion of the Court

 whether “all conditions set by the [c]ourt [c]ounselor” pursuant to the Supplemental

 Order were required to be in writing to be valid, particularly the condition that

 K.N.H. had to be in the presence of one of his parents while on electronic monitoring

 leave. Therefore, we do not find In re E.M. on point or persuasive in the case sub

 judice.

¶ 32 Our Court has held that a trial court may allow a juvenile court counselor to

 impose certain conditions and make certain determinations with respect to the

 juveniles they supervise so long as the court does not improperly delegate its

 authority when the statute provides the power and discretion to order a dispositional

 alternative or condition of probation is with the court. See In re M.A.B., 170 N.C.

 App. 192, 194–95, 611 S.E.2d 886, 887–88 (2005) (affirming a disposition ordering a

 juvenile to “cooperate and participate in a residential treatment program as directed

 by [the] court counselor or mental health agency” where the “specifics of the day-to-

 day program” were left to the discretion of the court counselor); In re Hartsock, 158

 N.C. App. 287, 291–92, 580 S.E.2d 395, 398–99 (2003) (reversing in part a

 dispositional order where the trial court ordered the juvenile to cooperate with

 placement in a residential treatment facility but vested counselors with the discretion

 of determining whether to order the placement).

¶ 33 In In re S.R.S., we considered the underlying conditions of probation terms

 entered pursuant to N.C. Gen. Stat. § 7B-2510 and considered whether the trial court
 IN RE: K.N.H.

 2021-NCCOA-267

 Opinion of the Court

 impermissibly delegated its authority in ordering those conditions. 180 N.C. App.

 151, 157–60, 636 S.E.2d 277, 282–84 (2006). We noted that although the S.R.S. Court

 considered whether the trial court properly ordered conditions of probation under

 N.C. Gen. Stat. § 7B-2510, the case of In re Hartsock, 158 N.C. App. 287, 580 S.E.2d

 395 (2004), which dealt with the trial court’s discretion to order dispositional

 alternatives under N.C. Gen. Stat. § 7B-2506, was nevertheless “persuasive and

 applicable” to its analysis. In re S.R.S., at 158, 636 S.E.2d at 283. The record in In

 re S.R.S. failed to support placing conditions on the juvenile for an out-of-home

 placement and cooperation with counseling and assessments as recommended by the

 court counselor. Id. at 159–60, 636 S.E.2d at 283–84. However, we upheld a condition

 of probation ordered by the trial court which stated that, “the juvenile abide by any

 rules set out by the Court Counselor and the juvenile’s parents . . . .” Id. at 158–59,

 636 S.E.2d at 283. We reasoned that the condition imposing rules set by a court did

 “not vary substantially from that allowed per [N.C. Gen. Stat. § 7B-2510(a)(3)].” Id.

 at 159, 636 S.E.2d at 283. We reversed the probation conditions for out-of-home

 placement and cooperation with counseling and assessments in the event they were

 not already mooted by the expiration of the juvenile’s probation term. Id. at 159–60,

 636 S.E.2d at 283–84.

¶ 34 Here, the trial court continued K.N.H.’s Level 2 probation on 11 October 2018

 for an additional 12-month period under the previously ordered terms and conditions
 IN RE: K.N.H.

 2021-NCCOA-267

 Opinion of the Court

 in addition to new terms and conditions found in the Supplemental Order, including

 the condition that K.N.H. “submit to [e]lectronic [m]onitoring for 90 days and comply

 with all conditions set by the [c]ourt [c]ounselor.” The trial court did not vary the

 condition of probation from that allowed by statute. See In re S.R.S., 180 N.C. App.

 at 159, 636 S.E.2d at 283; see also N.C. Gen. Stat. § 7B-2510(b)(4). The trial court

 properly ordered electronic monitoring and appropriately delegated the task of

 supervision of the electronic monitoring to K.N.H.’s court counselor. The specific

 details concerning the electronic monitoring rules, after the condition of probation

 was ordered by the court, were properly delegated to the juvenile court counselor. See

 In re M.A.B., 170 N.C. App. at 192, 611 S.E.2d at 886. Therefore, we hold the trial

 court properly entered a Level 3 disposition solely on K.N.H.’s violation of the specific

 terms and conditions set forth by the juvenile court counselor with respect to his

 electronic monitoring condition of probation.

 VI. Oral Announcement of YDC Commitment Duration

¶ 35 In his second argument, K.N.H. asserts the trial court erred in “fail[ing] to

 state with particularity the precise duration of [his] commitment to YDC in open

 court”; thus, “the Level 3 disposition must be vacated.” The State contends this

 argument is moot since K.N.H. was released from the YDC on 1 June 2020 and placed

 on post-release supervision. Alternatively, the State argues that the trial court

 substantially complied with N.C. Gen. Stat. § 7B-2512, and K.N.H. cannot show
 IN RE: K.N.H.

 2021-NCCOA-267

 Opinion of the Court

 prejudice resulting from the trial court’s failure to include his “maximum

 commitment time in its oral pronouncement during the disposition.”

 A. Mootness

¶ 36 We first address the State’s contention that K.N.H.’s challenge to the Level 3

 disposition has been rendered moot on the basis that he was released from the YDC

 on 1 June 2020. The State argues that any error related to the disposition and

 commitment order cannot be cured since “[K.N.H.] already served his entire

 commitment at a [YDC].” We disagree. Although the record is unclear as to whether

 K.N.H. continues to be subject to post-release supervision, there remains a possibility

 he is under supervision, or faces another collateral legal consequence, resulting from

 the alleged error. See In re S.R.S, 180 N.C. App. at 157–58, 636 S.E.2d at 282

 (hearing a juvenile’s arguments related to conditions of probation even though the

 Court of Appeals was uncertain whether the issues were mooted due to the juvenile’s

 release from custody and probation).

¶ 37 Generally, “when the terms of a challenged trial court judgment have been

 carried out, a pending appeal of that judgment is moot because the appellate court

 decision cannot have any practical effect on the existing controversy.” In re A.K., 360

 N.C. 449, 452, 628 S.E.2d 753, 755 (2006) (citation and quotation marks omitted).

 However, in cases where “the continued existence of the judgment itself may result

 in collateral legal consequences for the appellant” or where there are “[p]ossible
 IN RE: K.N.H.

 2021-NCCOA-267

 Opinion of the Court

 adverse consequences flowing from [the] judgment,” there continues to be a live

 controversy, which prevents the case from becoming moot. Id. at 452, 628 S.E.2d at

 755. For example, a juvenile’s appeal from a disposition and commitment order would

 not become moot where the juvenile served his sentence but faced a possibility of

 “adverse consequence flowing from a judgment,” such as post-release supervision.

 See id. at 452, 629 S.E.2d at 755; see also In re J.L.H., 230 N.C. App. 214, 219, 750

 S.E.2d 197, 201 (2013) (holding a juvenile’s appeal from a court’s denial of his motion

 to release was not rendered moot by his release from commitment to a YDC where

 the juvenile had to comply with conditions of post-release supervision).

¶ 38 The State relies on In re Swindell as support for its argument that K.N.H.’s

 challenge to the trial court’s oral pronouncement is rendered moot. 326 N.C. 473, 390

 S.E.2d 134 (1990). In In re Swindell, the juvenile contended that the trial court erred

 in committing him “without first fully considering possible alternative treatment

 measures . . . .” Id. at 474, 390 S.E.2d at 135. Our Supreme Court held the issue was

 rendered moot since the juvenile had already been released from custody. Id. at 474,

 390 S.E.2d at 135. The opinion makes no mention of the juvenile facing post-release

 supervision or any other “[p]ossible adverse consequences flowing from [the]

 judgment.” See In re A.K., 360 N.C. at 452, 629 S.E.2d at 755. Therefore, In re

 Swindell is distinguishable from the instant case, because here, a potential adverse

 consequence of the disposition on the juvenile—specifically, the possibility of post-
 IN RE: K.N.H.

 2021-NCCOA-267

 Opinion of the Court

 release supervision—has been identified by the appellant, K.N.H.

¶ 39 Here, K.N.H.’s date of commitment was 23 May 2019, and he was released

 from the YDC on post-release supervision on 1 June 2020. The post-release

 supervision was to be in effect for a minimum of three months and maximum of one

 year. However, we are unable to determine, based on the record and its supplement,

 whether K.N.H. continues to be subject to post-custody supervision. Since it is

 possible K.N.H. continues to be on post-release supervision or faces other potentially

 adverse consequences from the purported sentencing error, we will hear the merits

 of his appeal although we are aware the “passage of time may have rendered the issue

 . . . moot.” In re Lineberry, 154 N.C. App. 246, 256, 572 S.E.2d 229, 236 (2002)

 (recognizing the “passage of time may have rendered the issue of [a] juvenile’s custody

 pending appeal moot”).

 B. Failure to Comply with N.C. Gen. Stat. §§ 7B-2513(a4) and 7B-2512(a)

¶ 40 On appeal, K.N.H. argues the trial court committed reversible and prejudicial

 error by not adhering to the statutory mandates set out in N.C. Gen. Stat. §§ 7B-

 2513(a4) and 7B-2512(a). Specifically, the trial court judge failed notify K.N.H. of the

 precise duration of his commitment to the YDC at the 23 May hearing when the court

 orally announced the disposition. The State concedes “the trial court did not include

 [K.N.H.’s] maximum commitment time in its oral pronouncement,” but contends

 K.N.H. cannot show any prejudice resulting from the trial court’s error. We agree
 IN RE: K.N.H.

 2021-NCCOA-267

 Opinion of the Court

 with the State that the juvenile has not sufficiently shown prejudice stemming from

 the error.

¶ 41 As previously stated above, N.C. Gen. Stat. § 7B-2512 requires, inter alia, the

 courts to “state with particularity, both orally and in the written order of disposition,

 the precise terms of the disposition including the kind[ and] duration . . . .” N.C. Gen.

 Stat. § 7B-2512(a). Similarly, N.C. Gen. Stat. § 7B-2513 provides, inter alia, “[a]t the

 time of commitment to a youth development center, the court shall determine the

 maximum period of time the juvenile may remain committed . . . and shall notify the

 juvenile of that determination.” N.C. Gen. Stat. § 7B-2513(a4).

¶ 42 In this case, the trial court made the following pertinent statement in open

 court when it announced K.N.H.’s disposition:

 In this case, I’m going to commit the juvenile . . . to the
 Division of Adult Probation of Juvenile Justice for
 placement in a Youth Development Center for an indefinite
 period and order that you cooperate with all the
 recommendations for any counseling while in YDC, as well
 as on post-release; submit to random drug screens on post-
 release; and if the Chief Court Counselor requests it, I’ll
 order you to submit to electronic monitoring for at least 60
 days when placed on post-release supervision.

¶ 43 Since the trial court only provided the placement in the YDC would be for an

 “indefinite period,” it failed to meet the statutory requirements to “determine the

 maximum period of time [K.N.H. was to] remain committed” and to state the “precise

 terms of the disposition including the . . . duration.” See N.C. Gen. Stat. §§ 7B-2512(a),
 IN RE: K.N.H.

 2021-NCCOA-267

 Opinion of the Court

 7B-2513(a4).

 C. Prejudicial Error

¶ 44 K.N.H. argues the trial court’s failure in announcing the precise duration of

 his commitment was prejudicial because it “denied [him] the right to be present when

 the trial court selected his disposition,” thus, he was “deprived of the opportunity to

 ask the judge questions about the Level 3 disposition.”

¶ 45 We recognize North Carolina courts have made clear that the “State has a

 greater duty to protect the rights of a respondent in a juvenile proceeding than in a

 criminal proceeding.” State v. Fincher, 309 N.C. 1, 24, 305 S.E.2d 685, 699 (1985)

 (citation omitted); see also In re T.E.F., 359 N.C. 570, 614 S.E.2d 296 (2005); In re

 Meyers, 25 N.C. App. 555, 558, 214 S.E.2d 268, 270 (1975). However, we reject

 K.N.H.’s contention that any time “[a] trial court violates a statutory mandate at a

 [juvenile] dispositional hearing, the juvenile is not required to make a[ ] prejudice

 showing, as the error is prejudicial per se.” See In re J.L.B.M., 176 N.C. App. 613,

 628, 627 S.E.2d 239, 248 (2006) (noting the trial court’s violation of N.C. Gen. Stat. §

 7B-2605 had “no effect on the juvenile’s adjudication or disposition”); In re J.J., 216

 N.C. App. 366, 376, 717 S.E.2d 59, 66 (2011) (holding the trial court’s failure to

 bifurcate its delinquency proceedings was non-prejudicial error).

¶ 46 K.N.H. maintains the trial court’s failure to adhere to the statutory mandates

 constitutes reversible, prejudicial error and cities to In re W.L.M., 218 N.C. App. 455,
 IN RE: K.N.H.

 2021-NCCOA-267

 Opinion of the Court

 721 S.E.2d 764, COA11-723, 2012 N.C. App. LEXIS 169 (N.C. App. Feb. 7, 2012)

 (unpublished opinion); In re B.P., 169 N.C. App. 728, 612 S.E.2d 328 (2005); In re

 J.L.B.M., 176 N.C. App. at 628, 627 S.E.2d at 248; and In re T.E.F., 359 N.C. 570, 614

 S.E.2d 296 (2005) as support for his argument. We find each case readily

 distinguishable from the facts of this case. We hold the trial court’s error in failing to

 orally state the precise duration of the disposition was without prejudice.

¶ 47 In In re W.L.M., which is unpublished, the trial court erred by failing to state

 in open court the duration of the juvenile’s commitment and in erroneously recording

 the written order. 218 N.C. App. 455, 721 S.E.2d 764, COA11-723, 2012 N.C. App.

 LEXIS 169, at *2. The trial court initially checked the “indefinite commitment” box

 on the written disposition order, then attempted to amend the commitment period on

 the order by crossing out the previously marked box and checking the “definite

 period” box “without designating a duration for that period.” Id. at *3. We concluded

 that the modified written order did “not state the duration of confinement with

 certainty or particularity.” Id. Our Court “vacate[d] the disposition portion of the

 order and remand[ed] for a new hearing.” Id.

¶ 48 In re B.P. does not concern a juvenile dispositional order, but rather the timely

 entry of dispositional order entered after the court adjudicated a parent’s minor

 children neglected and dependent. 169 N.C. App. at 730, 612 S.E.2d at 329–30 (2005).

 The pertinent portion of the statute in that case stated, “[t]he dispositional order shall
 IN RE: K.N.H.

 2021-NCCOA-267

 Opinion of the Court

 be in writing, signed, and entered no later than 30 days from the completion of the

 hearing . . . .” Id. at 735, 612 S.E.2d at 333 (citing N.C. Gen. Stat. § 7B-905(a) (2003).

 Additionally, the statute required the disposition to state the “duration” and “the

 person who is responsible for carrying out the disposition and the person or agency

 in whom custody is vested.” Id. at 735, 612 S.E.2d at 333; see also N.C. Gen. Stat. §

 7B-905(a). The oral disposition announced in open court failed to indicate the “person

 or agency in whom custody is vested” and the “duration” of the order. Id. at 736, 612

 S.E.2d at 333. Moreover, the written dispositional order was not timely filed as

 required by statute due to a clerical error. Id. at 735, 612 S.E.2d at 332–33. We held

 the respondent was prejudiced because she was “not provided with necessary

 information from which she could prepare for future proceedings” and had “no notice

 of the particular findings of fact or conclusions of law upon which the trial court based

 its decision.” Id. at 736, 612 S.E.2d at 333.

¶ 49 In In re J.L.B.M., the trial court properly orally announced the juvenile’s

 commitment would not exceed his eighteenth birthday but omitted the maximum

 term of commitment from the written order as required under N.C. Gen. Stat. § 7B-

 2513(a). In re J.L.B.M, 176 N.C. App. at 628, 627 S.E.2d at 249. We remanded the

 dispositional order to the trial court for correction of the clerical error. Id. at 628, 627

 S.E.2d at 248.

¶ 50 In In re T.E.F., our Supreme Court affirmed the Court of Appeal’s decision to
 IN RE: K.N.H.

 2021-NCCOA-267

 Opinion of the Court

 reverse and remand a matter to the trial court for a new juvenile adjudicatory hearing

 where the trial court had committed reversible error by not meeting all six

 requirements enumerated under N.C. Gen. Stat. § 7B-2407. In re T.E.F., 359 N.C. at

 572, 614 S.E.2d at 297. The Court reasoned that meeting all six requirements was

 “paramount and necessary in accepting a juvenile’s admission as to guilt”; therefore,

 if any of the requirements are lacking, an adjudication based on the improper

 admission must be reversed. Id. at 574, 614 S.E.2d at 298. In declining to adopt the

 “totality of the circumstances” standard of review, the Court emphasized the

 importance of ensuring juveniles understand the “consequences of admitting their

 guilt.” Id. at 575–76, 614 S.E.2d at 299.

¶ 51 K.N.H. provides no case in which our Court held a reversible error had

 occurred solely based on the trial court’s failure to orally announce the duration of

 the order of disposition, and we decline to do so here. Here, the written disposition

 order clearly indicated that K.N.H. was committed to the YDC for a minimum period

 of six months and a maximum period until his eighteenth birthday despite the trial

 court’s failure to orally state the duration of the commitment. Furthermore, K.N.H.

 was apprised of the fact that he was being committed to the YDC at the 23 May 2019

 hearing. Since only the Level 3 disposition authorizes commitment of a juvenile

 pursuant to the Juvenile Code, K.N.H. was present when the trial court selected his

 disposition, and he had the opportunity to ask the trial court judge questions about
 IN RE: K.N.H.

 2021-NCCOA-267

 Opinion of the Court

 the disposition. See N.C. Gen. Stat. § 7B-2508(e) (2019). Although the trial court

 erred in orally stating the disposition, K.N.H. has not adequately shown that the

 statutory violations prejudiced him. See In re Bullabough, 89 N.C. App. 171, 178,

 183, 365 S.E.2d 642, 646, 649 (1988) (holding the trial court’s errors in unlawfully

 detaining the juvenile before the adjudication and in failing to direct the Clerk of the

 Superior Court to transcribe the record did not constitute reversible, prejudicial

 errors); see also Glenn v. Raleigh, 248 N.C. 378, 383, 103 S.E.2d 482, 487 (1958)

 (stating that in order to justify reversible error, a court’s ruling must not only be

 erroneous, but also “material and prejudicial” so that a “different result would likely

 have ensued” but for the error).

 VII. Conclusion

¶ 52 We hold the trial court did not err in basing its entry of the Level 3 disposition

 solely on K.N.H.’s violation of terms and conditions related to electronic monitoring,

 for which the juvenile received only oral notice from his court counselor.

 Furthermore, we hold the trial court erred in failing to follow the statutory mandate

 of orally stating the precise duration of the disposition at the time of commitment;

 however, the juvenile has failed to show that he was prejudiced by the error. For the

 foregoing reasons, we affirm the Order on Motion for Review and the Disposition and

 Commitment Order.

 AFFIRMED.
 IN RE: K.N.H.

 2021-NCCOA-267

 Opinion of the Court

Judges Zachary and Murphy concur.